CLOTILDE B. CAPOTE, Appellant, v. JOSEPH CAPOTE, Respondent.— The decision of this court handed down June 17, 1940 [*ante*, p. 1032], is hereby amended to read as follows: Order denying motion to amend final judgment of divorce and to award plaintiff counsel fees and expenses in prosecuting the appeal from the order, reversed upon the law and the facts, with ten dollars costs, and motion granted, without costs, to the extent of amending the judgment so as to provide that defendant shall pay to plaintiff the sum of seven dollars and fifty cents a week, beginning April 10, 1940. The record shows circumstances that require a reversal of the order. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur. Settle order on notice.

ROSE CZERNY, Respondent, v. RALSUT, INC., Appellant.— Action on contract. Order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, affirmed, with costs. No opinion. Carswell, Adel and Close, JJ., concur; Lazansky, P. J., and Taylor, J., dissent, vote to reverse the order of the Appellate Term, to vacate the judgment of the Municipal Court, and to dismiss the complaint on the ground that, as a matter of law, the parties did not contemplate the making of a contract; and that what plaintiff was required to do to entitle her to a prize was not intended as consideration for a promise by defendant that she would receive the prize if her number was the one drawn. In any event, if the nature of the transaction is not determinable as a matter of law, then there was a question of fact as to the intention of the parties to be submitted to a jury. The trial court had instructed the the jury that there was a contract.

D. M. W. CONTRACTING Co., INC., Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Action to recover damages for breach of contracts under which the plaintiff constructed two buildings for the defendant, and to recover interest on the final payments under the contracts, which payments were not accepted when the defendant was willing to make them. The contractor agreed to pay the workmen on the jobs the prevailing rates of wages, and a schedule of wage rates was part of the contract. During the progress of the work the prevailing wage rates increased, and although plaintiff would have been able to obtain labor at the rates specified in the schedule, the defendant required that wages be paid at the increased prevailing rates. The statements in the opening of plaintiff's counsel were accepted as established facts, and judgment was rendered thereon dismissing the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ. [See 260 App. Div. 807.]