■ In the Matter of C.E.L. LUMBER, INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Franklin County) to review a determination of respondent which ordered petitioner to remit underpaid wages to its employees and imposed a civil penalty of $750 against petitioner.

In December 1982, petitioner contracted with a subdivision of the Office of Mental Retardation and Developmental Disabilities to perform construction work on a building located on the grounds of the Sunmount Developmental Center in Franklin County. The project involved converting a two-family house, previously used as a residence by two staff members, into a community residence which would house 12 mentally handicapped persons.

After petitioner began work, a field investigator from the State Department of Labor inspected petitioner's payroll records and informed petitioner's president that it was paying its workers less than the prevailing wages mandated for residential construction performed on a public works project (Labor Law § 220 [3]). Petitioner agreed to compensate the workers according to the residential construction schedule.

However, in February 1983, petitioner's payroll records were again inspected by the Department, which advised petitioner that the proper rate of payment for its workers was not the residential rate, but the higher general construction rate. Thereafter, the Department arranged to have the sum of $6,260 plus interest withheld from petitioner on the moneys due on the contract, representing the amount by which petitioner had underpaid its employees on the project.

Subsequently, a hearing was held, pursuant to Labor Law § 220 (8), which resulted in a determination that the general and not the residential rate schedule applied to the project and that petitioner had willfully underpaid its workers. Petitioner was accordingly assessed the balance owed at the punitive interest rate of 10% and a civil penalty of $750. This proceeding to challenge that determination ensued.

Respondent's determination that the general, and not the residential, wage rate was applicable to this project should be upheld. A review of the rate schedules prepared by the Department discloses that the residential wage rates pertain to: "construction of one-family, two-family, row housing or garden type

apartments and related service buildings". Respondent could rationally conclude that the project in question, which involved the construction of a community or group residence for up to 12 persons, did not fit the foregoing description. Hence, there is substantial evidence to support respondent's determination that the general rate schedule, rather than the residential rate schedule, was applicable to this project.

In so holding, we are unpersuaded by petitioner's citation of Mental Hygiene Law § 41.34 (f), which provides: "A community residence established pursuant to this section * * * shall be deemed a family unit, for the purposes of local laws and ordinances." This subdivision was enacted "to put an end to disruptive litigation over the location of community residences within 'family' housing zones" (*Crane Neck Assn. v New York City/Long Is. County Servs. Group*, 61 NY2d 154, 164), e.g., to prevent communities from using local zoning ordinances to keep community residences out of their neighborhoods. By its own terms, however, Mental Hygiene Law § 41.34 (f) applies only to "local laws and ordinances". Clearly, it cannot be used, as petitioner contends, to sidestep the wage schedules mandated by the Labor Law. Hence, we find this statute inapplicable to the instant matter.

While respondent's assessment against petitioner in the amount of the underpaid wages was valid, the civil penalty of $750 and 10% interest on the underpayments was not properly imposed. By statute (Labor Law § 220 [8]), the assessment of a penalty is to be based on such considerations as the size of the employer's business, the good faith of the employer, the gravity of the violation and the employer's history of previous violations. Here, the record discloses that petitioner was a small contracting business and that this was its first public works project. Petitioner was charged with the underpayment of only three employees and, when it was notified by respondent's agent that they should be paid pursuant to the residential wage schedule, petitioner immediately complied. Accordingly, we find no evidence that petitioner was guilty of willfully underpaying its employees, and the imposition of the civil penalty was thus unjustified. The fine of $750 should be annulled and the interest rate on the underpayments should be set at 6%.

Determination modified, without costs, by annulling so much thereof as imposed a $750 civil penalty against petitioner and imposed a punitive interest rate of 10% on the underpayments, matter remitted to respondent for further proceedings not inconsistent herewith, and, as so modified, confirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.