OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be modified, with costs to appellant, and the matter remitted to the Comptroller for the entry of a new determination in accordance with this memorandum.
Petitioner, Dadson Plumbing Corporation, a father-son plumbing operation engaged exclusively in the performance of contracts for the New York City Board of Education, was awarded five contracts during 1982. Pursuant to a complaint filed by a plumbers’ union representative, respondent Comptroller commenced an investigation, pursuant to Labor Law § 220, to determine whether Dadson provided the prevailing wages to one Randy Lane, a neighbor whom Dadson had employed as a "go-fer.”
The evidence at the hearing established that Lane had, among other things, driven Dadson’s truck to and from the job-sites, picked up tools, gone for coffee, and, from time to time, patched, painted and chipped holes. The hearing officer found that Lane was not a mere errand boy and was entitled to the prevailing wages required by law, which he had not received (NY Const, art I, § 17; Labor Law § 220). As a result, the Comptroller found a violation of Labor Law § 220 and imposed a civil penalty. The Appellate Division confirmed the determination by a divided court and petitioner appeals as of right.
There is plainly substantial evidence to support the administrative determination; hence, judicial review is exhausted (Matter of Pell v Board of Educ., 34 NY2d 222). Nor is there any merit to the claim that hearsay evidence was improperly received or relied upon (Matter of Eagle v Paterson, 57 NY2d 831, 833).
The penalty imposed is, however, of concern. The Comptroller, in a single order, determined that Dadson willfully violated Labor Law § 220 by failing to provide prevailing wages to an employee on five contracts.
The number of violations found is important due to the debarment provisions of Labor Law § 220-b (3) (b). Under that section, once "final determinations” have been rendered in "two instances” finding that there has been a willful violation of the prevailing wage laws, the violator is "ineligible to *715 submit a bid on or be awarded any public work contract with the state, any municipal corporation or public body for a period of five years from the second final determination” (Labor Law § 220-b [3] [b]). Inasmuch as these provisions are penal in nature (McKinney’s Cons Laws of NY, Book 1, Statutes § 273), they must be "strictly construed against the party seeking their enforcement and in favor of the person being proceeded against” (McKinney’s Statutes § 271 [a]). The statute clearly requires one final determination prior to the second final determination so as to establish knowing repetition as the predicate for a five-year suspension from bidding.
Accordingly, we hold that there has been but a single final determination here and that petitioner is not debarred from bidding. The matter should be remitted to the Comptroller so that he may modify his determination to reflect our holding.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Judgment modified, with costs to appellant, and matter remitted to Supreme Court, New York County, with directions to remand to the Comptroller for a new determination in accordance with the memorandum herein and, as so modified, affirmed.