■ In the Matter of Moss ELECTRIC AIR CONDITIONING CORP., Respondent, v HARRISON J. GOLDIN, as Comptroller of the City of New York, Appellant. TERRELL WILLIAMS et al., Intervenors-Respondents.—Orders of the Supreme Court, New York County (Martin Evans, J.), entered on November 21, 1983 and August 8, 1984, respectively, are vacated, the matter transferred to this court pursuant to CPLR 7804 (g) and, upon such transfer, the determination of respondent Comptroller of the City of New York, dated May 21, 1982, which found that petitioner violated New York State Labor Law § 220 by failing to pay the prevailing wage rate and failing to provide the prevailing supplemental benefits to its employees, is confirmed, without costs.

The instant matter should properly have been transferred to this court for disposition under CPLR 7804 (g) since it concerns a question of "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence." (CPLR 7803 [4]; *see also,* Labor Law § 223.) Although Special Term did not order such a transfer, this court "is empowered to dispose of all issues in the proceeding as if the matter had been properly transferred in the first instance." *(Matter of Rivera v Beekman,* 86 AD2d 1, 5.) In that regard, the decision of this court in *Matter of Avendale Elec. Contrs. Corp. v Goldin* (99 AD2d 682) is dispositive of the issues involved here. In that case, we determined that respondent did not require the contractor to pay directly into union funds but merely that it pay prevailing wage rates and supplemental benefits. The facts in the present situation, as well as the issues raised by petitioner, are virtually identical to those in *Matter of Avendale.* We have considered petitioner's other contentions and find them to be without merit. Consequently, the administrative determination should be confirmed. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.