In the Matter of GENERAL BUILDING CONTRACTORS OF NEW YORK STATE, INC., et al., Appellants, v LILLIAN ROBERTS, as Industrial Commissioner of the Department of Labor of the State of New York, Respondent. (Proceeding No. 1.)

In the Matter of HULL CORPORATION et al., Appellants, v LILLIAN ROBERTS, as Industrial Commissioner of the Department of Labor of the State of New York, Respondent. (Proceeding No. 2.)

Third Department, July 3, 1986

APPEARANCES OF COUNSEL

*Bryant, O'Dell & Basso (Robert F. Silkey* of counsel), for appellants.

*Robert Abrams, Attorney-General (Richard S. Corenthal* of counsel), for respondent.

*Colleran, O'Hara & Mills, P. C. (Richard L. O'Hara* of counsel), for New York State Building and Construction Trades Council, *amicus curiae.*

## OPINION OF THE COURT

LEVINE, J.

Petitioners in these proceedings are contractors who are engaged in the performance of current public works contracts in this State and two associations of contractors whose members similarly hold such existing contracts. Each individual contractor is bound under the provisions of Labor Law § 220 (3) (as amended by L 1983, ch 447) to pay to their employees on a project covered by the contract not less than the prevailing rate of wages in each employee's trade or occupation in the locality within the State where the project is located. Labor Law § 220 (5) (a) further provides in substance that, outside of New York City, respondent is to annually determine the prevailing rate of wages not less than 30 days prior to July 1 and further provides for a methodology to make that determination. Schedules of prevailing rates are to be prepared and made part of the specifications of any public works contract prior to its being advertised for bid, and the obligation to pay the prevailing rate is to be incorporated in the contract as awarded (Labor Law § 220 [3]). In May 1985, the Department of Labor issued letters to State governmental units and agencies involved in existing public works contracts advising them that it intended to enforce as to all such contracts new schedules of prevailing rates for 1985 as determined in accordance with Labor Law § 220. Petitioners then brought the instant proceedings challenging respondent's right to make and enforce such redeterminations as to ongoing contracts. Petitioners appeal from Special Term's dismissal of their petitions.

The entire thrust of petitioners' argument is that respondent lacks statutory authority to take the above-described proposed action. Their reasoning may be summarized as follows. Under both present Labor Law § 220 (3) and the statute

as it existed before it was amended in 1983 (Labor Law § 220 former [3]), the prevailing rate schedules at the time the contract is advertised for bid must be incorporated in the contract's specifications. Before the 1983 amendment, however, Labor Law § 220 former (3) expressly authorized respondent to issue redeterminations to reflect subsequent changes in the prevailing rates and provided that each such redetermination "shall be deemed part of the contract". Labor Law § 220 (5) former (a) further defined "prevailing rate of wage" as the "rate of wage paid * * * at the time the work is performed". Each of the foregoing provisions of the previous law requiring redeterminations of the prevailing rate and their incorporation into preexisting contracts was eliminated by amendments in 1983 (Labor Law § 220 [3], [5] [a], as amended by L 1983, ch 447) (hereinafter the 1983 amendments). Therefore, petitioners argue, the only obligation regarding prevailing wage rates enforceable against contractors performing ongoing projects relates to the rate contained in the original schedules when the contracts were let.

In our view, Special Term correctly dismissed the petitions. Although the 1983 amendments did indeed eliminate specific references to redetermined rates and their enforcement in existing contracts, as petitioners have described, neither the substituted language of the 1983 amendments relied upon nor the legislative history of those amendments supports petitioners' contention that they were intended to eliminate the authority of respondent to update rates and apply them to preexisting contracts. Thus, the law as it now stands continues to require current wages on public works projects to be at least the prevailing rate of wages "as hereinafter defined", and to mandate that the contract shall contain a clause to that effect (Labor Law § 220 [3]). The present statutory definition of "prevailing rate of wage", however, now includes not only a new methodology for determining the applicable rate, but also that it "shall be annually determined" (Labor Law § 220 [5] [a]). Thus, it is an annually determined prevailing rate which is the rate, "hereinafter defined", which construction employees on public works projects are statutorily entitled to receive at a minimum (Labor Law § 220 [3]). And each public works contract is statutorily required to contain a provision mandating payment to each laborer, workman or mechanic of a wage incorporating this concept of annual rate determination (Labor Law § 220 [3]).

The legislative history of the 1983 amendments is entirely

devoid of any evidence that elimination of the employer's obligation to pay current, annual prevailing wage rates during the life of an ongoing public works contract was intended. Before it was amended in 1983, Labor Law § 220 (5) former (a) prescribed the procedure for determining prevailing rates and its directive for payment of wages at those rates at the time of performance of the work was construed to require respondent to make continuous surveys of wage scales for every building trade in each municipal subdivision of the State *(see, Matter of Compagni Constr. Co. v Ross,* 79 AD2d 831, *lv denied* 53 NY2d 604). The judicially enforced strict adherence to the statutory methodology for determining the rates proved to be unduly burdensome and administratively impracticable *(see, Matter of Liquid Asphalt Distribs. Assn. v Roberts,* 116 AD2d 295). The legislative history conclusively establishes that the sole purpose of the 1983 amendments was to ameliorate the foregoing problems by substituting a simplified procedure for determining the prevailing rate and providing for annual determinations *(see,* memorandum of Assemblyman Frank J. Barbaro, 1983 Legis Ann, at 202; *see generally,* Governor's Bill Jacket, L 1983, ch 447). The only evidence cited by petitioners of any legislative intent supportive of their position is that a bill was introduced but not passed at the same session, containing similar reforms, but which also expressly provided for payment of wages at the prevailing rate at the time of the performance of the work. However, the failure of the Legislature to pass an amendment is at best a dubious foundation for drawing inferences of legislative intent *(Clark v Cuomo,* 66 NY2d 185, 190-191; *Hospital Assn. v Axelrod,* 113 AD2d 9, 14).

Respondent's determination to enforce current prevailing wage rates after a contract is let is consistent with the language of present Labor Law § 220 and with the long-standing public policy of this State and settled judicial application of that policy in statutory form *(see,* NY Const, art I, § 17; *Brang Co. v State Univ. Constr. Fund,* 47 AD2d 178; *Matter of Armco Drainage & Metal Prods. v Moore,* 285 App Div 236; *D.M.W. Contr. Co. v Board of Educ.,* 259 App Div 1081, *affd* 285 NY 591). Therefore, respondent's authority to issue prevailing wage and supplement schedules on an annual basis to ongoing projects was properly upheld by Special Term.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgments affirmed, with costs.