■ FRA-DEE CONSTRUCTION INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, et al., Respondents.—Determination unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Commissioner for further proceedings, in accordance with the following memorandum: In 1983, petitioner Fra-Dee Construction, Inc., a minority business enterprise, contracted with the Office of General Services to perform certain work at the Alden Correctional Facility, formerly used as the Erie County Penitentiary. The work to be performed was the conversion of a detached two-family unit, which had been used as a residence for security guards, into an administration building, and the renovation of a second building to provide a reception area for arriving inmates on the first floor and medical offices and a library on the second floor. Both structures were two stories high when work began and remain the same today.

The bidding and contract documents included a prevailing wage schedule listing the hourly wage to be paid to carpenters, masons, and laborers on a public works project for both building and residential construction (Labor Law § 220 [(3)],

but did not specify which rate should be used. The wage schedule permitting payment under the lower residential rate is controlled by the definition contained in the prevailing rate schedule published by the New York State Department of Labor-Bureau of Public Works: "RESIDENTIAL CONSTRUCTION is defined as—'construction of one-family, two-family, row housing or garden type apartments and related service buildings which are not more than four stories high' ". Petitioner paid its workers the prevailing wage for a residential project. An audit by an investigator for the Department of Labor concluded that the nature of the work contracted for required petitioner to pay its workers at the prevailing wage for building construction. As a consequence, the State Comptroller withheld $200,000 from petitioner's contract payments.

Following an administrative hearing pursuant to Labor Law § 220 (8), the Hearing Officer concluded that the work performed by petitioner pursuant to its contract with the Office of General Services did not fall within the definition of residential construction. Petitioner was found responsible for $181,342.52 in back wages and supplements, and additionally was assessed a punitive interest rate of 10% on the unpaid wages. Further, the Hearing Officer assessed an $1,800 civil penalty, finding that petitioner's determination that the work being performed was "residential" was unwarranted in view of the definition contained in the rate schedule and, in any event, if petitioner was unsure of the rate to be paid it should have sought clarification from the Department of Labor. It should be noted that the Hearing Officer specifically found that petitioner did not act in bad faith and that its failure to comply with the Labor Law was not willful, but was instead caused by its lack of experience in public work contracts. The Hearing Officer further found that this was petitioner's first Labor Law violation. The Commissioner of Labor confirmed the Hearing Officer's determination and this proceeding to challenge that determination ensued.

Petitioner's argument rests on the proposition that the buildings it renovated had once served as residences and the structures had the outward appearance of residences, therefore, they are residences. We disagree. It was reasonable for respondent to determine that the use for which the structures were being renovated was the controlling use, not their former character. Hence, there is substantial evidence to support respondent's determination that the building construction rate schedule, rather than the residential rate schedule, was appli-

cable to this project *(see, Matter of C.E.L. Lbr. v Roberts,* 109 AD2d 1002).

We disagree, however, with the assessment of the punitive interest rate of 10% on the unpaid wages. The Hearing Officer found that petitioner's violation was not willful, but was caused by inexperience and was a first violation. The interest rate on the underpayment should be set at 6% *(see, Matter of C.E.L. Lbr. v Roberts, supra).* (Article 78 proceeding transferred by order of Supreme Court, Erie County, Broughton, J.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.