■ In the Matter of JOHN SCHEPANSKI ROOFING & GUTTERS,

Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent. (Proceeding No. 1.) In the Matter of PRESTIGE ROOFING & SIDING CO., INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent. (Proceeding No. 2.)—Proceedings pursuant to CPLR article 78 to review an order and determination of the Commissioner of Labor of the State of New York, dated November 13, 1986, which, after a hearing, *inter alia,* (1) found that the petitioner John Schepanski Roofing & Gutters (hereinafter Schepanski), while subcontracting with the petitioner Prestige Roofing & Siding Co. (hereinafter Prestige) to perform roofing work at six Suffolk County public schools, willfully failed to pay prevailing wages and supplements to 19 employees in violation of Labor Law § 220, resulting in underpayments totaling $282,240.46, including interest calculated at 10% per annum, (2) assessed a civil penalty of $35,000 against Schepanski, (3) held Prestige liable for its subcontractor's failure to pay prevailing wages, and (4) ordered Prestige to make restitution and pay the civil penalty.

Adjudged that the petitions are granted and the order and determination is annulled, on the law, with costs, and the matters are remitted to the respondent for further proceedings consistent herewith.

While there is substantial evidence on this record supporting the respondent's determination that Schepanski willfully failed to pay prevailing wages and supplements and to keep proper records, the method of computation employed by the respondent was not rationally justified. Specifically, the respondent's determination failed to credit Schepanski for making any payments to his workers even though some such payments were unequivocally made. It also computed the last day of work as being September 15, 1983, even though the record indicates that the last day actually was September 8, 1983. Finally, there was no rational basis for inferring that whenever the inspector's report indicated that *any* workers were doing work on the project, that *all* of the 19 workers were present, even when the inspector's report specifically indicated that a lesser number of workers were present.

Although the assessment of underpaid wages and supplements may only be approximate in a case such as this, where the employer has failed to keep proper records, the approximation must at least have some rational basis *(cf., Anderson v Mt. Clemens Pottery Co.,* 328 US 680, 686-687, *reh denied* 329 US 822; *Brock v Seto,* 790 F2d 1446, 1448-1449). In this case, the assessment by the respondent is without rational support,

and these matters must be remitted for a reassessment of underpaid wages and supplements owed by Schepanski *(see, Matter of Dadson Plumbing Corp. v Goldin,* 66 NY2d 713, 714; *Matter of Moss Elec. Air Conditioning Corp. v Goldin,* 120 AD2d 409; *Matter of Sewer Envtl. Contrs. v Goldin,* 98 AD2d 606).

While the imposition of a civil penalty was justified by the evidence that Schepanski's failure to pay prevailing wages and supplements was willful *(cf., Matter of C.E.L. Lbr. v Roberts,* 109 AD2d 1002, 1003), the amount of that penalty must be reconsidered in light of the reassessment of underpaid wages and supplements. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.