■ In the Matter of JOHNNIE FIELDS, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated July 24, 1986, which found the petitioner liable for patient neglect pursuant to New York Public Health Law § 2803-d and imposed a fine of $250.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that that portion of the determination which found that the petitioner's neglect caused injury to the patient is annulled, the fine imposed is vacated, and the matter is remitted to the respondent for reconsideration of the penalty, and the petition is otherwise dismissed on the merits.

Contrary to petitioner's contentions, there was substantial evidence supporting the Commissioner's determination that the petitioner lifted the patient without assistance in violation

of instructions contained on a patient assignment sheet (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

We conclude, however, that the evidence was insufficient to sustain the Commissioner's determination that the patient suffered an eye injury as a consequence of being lifted by the petitioner. As the Commissioner conceded in making this finding, the evidence established only a "possibility" that the eye injury occurred when the patient was lifted. A mere possibility unsupported by substantial evidence, is insufficient to sustain such a finding. Under these circumstances, that portion of the determination must be annulled.

Furthermore, since the Commissioner's imposition of a $250 monetary sanction was predicated on his finding that the patient's eye was injured when the petitioner lifted the patient, the matter must be remitted to the respondent for reconsideration of the appropriate penalty to be imposed (see, Matter of Schepanski Roofing & Gutters v Roberts, 133 AD2d 757).

We have considered the petitioner's remaining contention and find it to be without merit. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.