■ In the Matter of HULL-HAZARD, INC., et al., Petitioners, v LILLIAN ROBERTS, as Commissioner of Labor, Respondent, and UPSTATE NEW YORK COUNCIL OF OPERATING ENGINEERS, Intervenor-Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found that petitioners had willfully violated Labor Law article 8.

In July 1983, petitioner Hull-Hazard, Inc., entered into a contract with the Department of Transportation for the rehabilitation of several bridges on Interstate Route 690 outside the City of Syracuse. In March 1984, petitioner Hull Corporation contracted for the construction of an interchange along

Route 690. After an investigation, the Department of Labor (hereinafter Department) charged that Hull-Hazard underpaid wages by improperly computing overtime pay in violation of Labor Law § 220 (2). Hull Corporation was also charged with improperly computing overtime and with failing to pay prevailing wages and supplements in violation of Labor Law § 220 (3). After a hearing, the charges were upheld. Hull-Hazard was found to have improperly calculated overtime and, since there was no evidence regarding the amount of underpayment, further proceedings were directed. Next, regarding Hull Corporation, respondent found $178.49 in overtime underpayments and $45,962.82 in prevailing wage and supplement underpayments. Respondent ordered that interest be paid at the rate of 10% per annum and also imposed a civil penalty of $9,228. Finally, it was found that Hull Corporation's violations were willful. Hull-Hazard and Hull Corporation commenced this CPLR article 78 proceeding challenging respondent's decision. The proceeding has been transferred to this court for disposition.

Initially, based on this court's decisions in *Matter of General Bldg. Contrs. v Roberts* (118 AD2d 173, *lv denied* 68 NY2d 612) and *Matter of Hull-Hazard, Inc. v Roberts* (129 AD2d 348), it is clear that respondent properly found that Hull-Hazard and Hull Corporation improperly computed overtime in violation of Labor Law § 220 (2) and that Hull Corporation failed to pay prevailing wages and supplements in violation of Labor Law § 220 (3). Hull Corporation challenges respondent's finding that its violations were willful. The term willful " 'does not imply a criminal intent to defraud, but rather requires that [petitioner] acted knowingly, intentionally or deliberately' " *(Matter of Cam-Ful Indus. [Roberts],* 128 AD2d 1006, quoting *Matter of Valvo [Ross],* 83 AD2d 344, 346, *affd* 57 NY2d 116). Here, regarding the prevailing wage and supplement violations, the Department made Hull Corporation aware of new pay rates. Hull Corporation contended that respondent lacked authority to enforce such rates on ongoing projects and commenced litigation to that effect. Hull Corporation did not seek a stay or any other injunctive relief to prevent implementation of the rates but, rather, unilaterally refused to pay such rates.[1] Thus, it is apparent that Hull Corporation acted know-

---

1. Hull Corporation contends that it placed the difference between the pay rates in an "escrow" account. However, it is clear that such funds were never delivered to an impartial third party, which is a key feature of an escrow account. Thus, Hull Corporation never gave up control of these funds.

ingly, intentionally and deliberately in choosing not to pay the higher rates until judicially ordered to do so. Thus, its action was indeed willful.

Turning to the overtime violation, we held in *Matter of Hull-Hazard, Inc. v Roberts (supra)* that the same violation regarding another contract was not willful since a technical reading of the statute supported the employer's interpretation and only a review of the entire statute in light of its purpose convinced us that respondent's interpretation should be upheld. There is no reason not to apply the same reasoning in this case. We note that respondent's decision under review in this proceeding was issued prior to our decision in *Hull-Hazard.*

Next, Hull Corporation challenges the fixing of interest and penalty. Contrary to its argument, a finding of willfulness is not an essential condition to the imposition of a penalty or interest. The statute, at the time relevant to this case,[2] mandated interest at a rate not less than 6% per year nor more than 16% per year, and authorized a penalty of up to 25% of the amount due (Labor Law § 220 former [8]). In determining the amount of interest and penalty, due consideration must be given to: "the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations and the failure to comply with recordkeeping or other non-wage requirements" (Labor Law § 220 [8]). This court's scope of review where a penalty is imposed by an agency after an adjudicatory hearing is limited to determining whether the penalty is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364). Here, respondent considered all of the factors and fixed interest at 10% per year and the penalty at 20%. In our view, Hull Corporation has not demonstrated that the interest and penalty imposed by respondent are shocking to one's sense of fairness. We note that, contrary to Hull Corporation's contention, the imposition of interest and penalty was not to punish the corporation for exercising its legal right to petition the courts, but was in recognition of Hull Corporation's decision not to comply with the Department's directives or to obtain a judicial stay while seeking court review.

Determination modified, without costs, by annulling so

---

2. The statute was amended in 1985 (L 1985, ch 137). The amendments do not apply to this case.

much thereof as found that petitioner Hull Corporation's failure to properly pay overtime in violation of Labor Law § 220 (2) was willful; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.