■ In the Matter of D.D.G. GENERAL CONTRACTING CORPORATION, Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner had underpaid its employees.

Petitioner entered into a public works contract in October 1984 with the Department of Transportation (hereinafter DOT) to paint various highway bridges in Oneida and Montgomery Counties. The contract required petitioner to pay its employees the prevailing wages and supplemental benefits for their respective trades in each county, as set forth in the applicable wage-rate schedules furnished petitioner.

An investigation by the Department of Labor (hereinafter DOL) into whether petitioner was paying the required prevailing wages and supplements and correctly reporting the hours and overtime worked by its employees led to petitioner's citation for record keeping and wage violations. Contract payments to petitioner in the amounts of $12,298.54 and $4,718.76 were withheld in October 1985 and February 1987. However, $10,873.93 of that total was later released with $6,143.37 withheld based on the charged violations.

At the conclusion of a hearing on the charges, the Hearing Officer determined that, *inter alia,* petitioner failed to pay three employees the prevailing hourly wages and supplements, failed to keep accurate records and underpaid its workers by failing to keep proper records as to the number of hours worked daily. The Hearing Officer recommended that the overtime computations be reduced by one third to allow for possible discrepancies in the audit computations and, holding that petitioner's violations were willful as defined in

Labor Law § 220-b (3) (b), imposed interest and a 15% civil penalty. The Hearing Officer's report and recommendations were confirmed and adopted by respondent. This proceeding brought pursuant to Labor Law §§ 220 and 220-b (2) seeking a review of respondent's determination was then commenced in this court.

Contrary to petitioner's assertions, it was not error for respondent to use the engineer's summaries in detailing the discrepancies relating to the payrolls, nor was it necessary for the inspector's reports to be introduced. Labor Law § 220 (3-a) (a) requires, *inter alia,* that "[t]he contractor and every subcontractor shall keep original payrolls or transcripts thereof * * * showing the hours and days worked by each workman, laborer or mechanic, the occupation at which he worked, the hourly wage rate paid and the supplements paid or provided". If the contractor fails to do so, other evidence may be used to establish the amount of uncompensated work *(see, Anderson v Mount Clements Pottery Co.,* 328 US 680, 686-687; *Brock v Seto,* 790 F2d 1446, 1448-1449; *Matter of Schepanski Roofing & Gutters v Roberts,* 133 AD2d 757). Damages may be approximated, if necessary, in order to avoid rewarding the employer for failing to keep proper records *(Anderson v Mount Clements Pottery Co., supra,* at 687-688). Summaries kept by the engineer in charge disclosed that 10 employees worked longer hours than were indicated on the certified payrolls submitted by petitioner. As petitioner did not keep proper records, these summaries provide substantial evidence of petitioner's undercalculations of hours worked.

The evidence supports a finding that three other employees, G. Develos, D. Fiore and E. Flay, were not paid proper wages and supplements. The calculations on the PW-11 forms for these employees compared with the prevailing wage schedule reveal that incorrect hourly wages were paid to them. Substantial evidence supports the finding that they were not paid proper wages.

Respondent's determination was not supported by substantial evidence in respect to the amount of underpayments allegedly made to eight of petitioner's employees. Although the engineer's summaries are sufficient to establish petitioner's underreporting of employee hours, there is no substantial evidence of the amount of the individual underpayments for eight of petitioner's employees, J. Bardovniotis, F. Cameron, F. Guale, H. O. Guale, P. Negros, N. Oikonomay, M. Skilas and Wright.

An employee of DOL, Allan Frederick, stated that he pre-

pared PW-11 forms which indicated the discrepancies between the actual amounts paid to individual employees and the amounts which should have been paid. However, as the hours listed for each employee do not correspond either to petitioner's certified payroll or to the engineer's summaries, the summary of wage and supplement records do not, in most cases, constitute substantial evidence. Moreover DOL, without explanation, utilized the hours listed on the engineer's summaries for some employees and the hours listed on the certified payroll for others. Nothing in the record indicates the rationale for DOL's utilization interchangeably in its computations of both the payroll record hours and the engineer's summaries. Thus, there is no substantial evidence to support respondent's calculation of underpaid wages to these employees. The determination should therefore be annulled and the matter remitted to respondent for reassessment of the underpaid wages and supplements owed by petitioner and, in light of that reassessment, a reconsideration of the penalty imposed *(see, Matter of Schepanski Roofing & Gutters v Roberts,* 133 AD2d 757, *supra; see also, Matter of Dadson Plumbing Corp. v Goldin,* 66 NY2d 713, 714).

Respondent's calculation of underpayments to two other employees, N. Pantermarvakis and K. Rizos, is supported by substantial evidence. Respondent employed only petitioner's certified payroll records in compiling their PW-11 forms. Their underpayments were based on the fact that petitioner did not pay them overtime wages for work they performed on Saturdays. There is no discrepancy with the engineer's summaries with regard to them or any dispute that they worked on the dates specified.

Finally, the civil penalty and interest imposed cannot be said to be unwarranted considering petitioner's knowledge of the discrepancies in the hours reported. There was evidence that petitioner acted knowingly, intentionally or deliberately, or knew or should have known that its workers were not being paid according to the prevailing wage rate schedule *(see, Cam-Ful Indus. v Roberts,* 128 AD2d 1006, 1007; *see also, Gross Plumbing & Heating Co. v Department of Labor,* 133 AD2d 524). Petitioner was an experienced public works contractor and was notified on several occasions of the discrepancies. However, the amount of the penalty should be reconsidered in light of the remittal for reassessment of underpaid wages and supplements.

Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with

this court's decision. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.