■ In the Matter of J.F.B. PAINTING & SUPPLY, INC., Petitioner, v JOHN F. HUDACS, as Commissioner of Labor, Respon-

dent. [620 NYS2d 612] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner willfully failed to pay prevailing wages and supplements.

Petitioner, a painting subcontractor, was charged with Labor Law violations as a result of its failure to pay prevailing wages and supplements, and its employment of unregistered apprentices, in connection with six subcontracts on five public works projects in which it was engaged in 1988 and 1989. After a hearing, respondent adopted the Hearing Officer's findings that petitioner had willfully underpaid 11 employees, utilized unregistered apprentices on each of the six subcontracts and permitted employees to work in excess of the maximum number of hours or days on three of the subcontracts, and imposed a civil penalty of 20% of the total amount found to be due. This CPLR article 78 proceeding by petitioner ensued.

Given the substantial evidence tending to demonstrate that petitioner "knew or should have known" that it was violating the law, respondent's finding of willfulness is fully warranted *(see, Matter of D.D.G. Gen. Contr. Corp. v Hartnett,* 149 AD2d 819, 821). James Bottcher, petitioner's president, an experienced public works contractor, admitted that, despite having previously been found to have willfully violated the prevailing wage laws, he never contacted the Department of Labor (hereinafter DOL) for advice on the matter—he was fearful of "opening a can of worms"—and chose instead to rely on the assurances of a Federal official. The Hearing Officer found Bottcher's testimony in this regard to be "self serving" and to "strain[ ] credibility", a determination we accept *(see, Matter of Naftilos Painting & Sandblasting v Hartnett,* 173 AD2d 964, 966).

Moreover, in view of Bottcher's admission that he had access to the prevailing wage rate schedules, which explicitly stated that apprentices were required to be registered with DOL, that DOL was the official registration agency for apprentices and that "[n]o other Federal or State Agency or office registers apprentices in New York State", and used them to prepare his bids for each of the subcontracts at issue, his reliance on a Federal official could hardly be said to have been reasonable. The Hearing Officer could have fairly inferred, from the testimony of a DOL representative who had spoken

with Bottcher in the course of investigating petitioner's earlier, concededly willful, violation, that Bottcher had been made aware of the need to register apprentices at that time. These facts, taken together, provide ample basis for the Hearing Officer's finding of willfulness *(see, Matter of TPK Constr. Corp. v Hudacs,* 205 AD2d 894, 896; *Matter of Nelson's Lamp Lighters v Hudacs,* 204 AD2d 814, 815-816; *Matter of Otis E. Serv. v Hudacs,* 185 AD2d 483, 485).

Petitioner also argues that its apprenticeship program is an "employee welfare benefit program" within the meaning of the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq.)* and, consequently, that State regulation of the program is preempted by ERISA. Because petitioner did not make this argument at the hearing, nor set it forth in its petition, the matter is not properly before this Court *(see, Matter of Balter v Regan,* 63 NY2d 630, 631, *cert denied* 469 US 934; *Matter of City of Utica, Bd. of Water Supply v New York State Health Dept.,* 96 AD2d 719).

Even if we were to reach the issue, however, we would find it without merit, for DOL's recognition as a Federally approved State apprenticeship agency, pursuant to the Fitzgerald Act (29 USC § 50), has been interpreted as rendering its provisions for registration of apprenticeship programs exempt from preemption under ERISA *(see, Joint Apprenticeship & Training Council v New York State Dept. of Labor,* 984 F2d 589, 592). Like the registration standards at issue in *Joint Apprenticeship & Training Council v New York State Dept. of Labor (supra),* the requirement that prevailing wages be paid when a program has not been registered directly furthers the goals of the Fitzgerald Act; inasmuch as preemption would frustrate these goals, ERISA's savings clause applies *(see, 29 USC § 1144 [d]; Shaw v Delta Air Lines,* 463 US 85, 101-102).

The remainder of petitioner's arguments have been considered and found either unpreserved for review or without merit.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.