■ In the Matter of CONSOLIDATED MASONRY CONTRACTORS, INC., Petitioner, v LINDA ANGELLO, as Commissioner of Labor, Respondent. [770 NYS2d 134]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which found that petitioner failed to pay prevailing wages and supplements.

In 1996, petitioner entered into a subcontract to provide masonry, glass unit masonry, cast stone materials and labor in connection with a State University Construction Fund project in the City of Syracuse, Onondaga County. Employees of petitioner performed labor on the project from June 1997 to August 1998, including the operation of a forklift and construction of a scaffold. Upon investigation of a complaint, the Bureau of Public Works determined that petitioner had underpaid its employees and directed restitution of the underpayment, plus interest and a civil penalty. Following a hearing, respondent determined that petitioner willfully violated the prevailing wage law by underpaying wages and supplements in the amount of $10,018.43, and imposed interest of 16%, as well as a civil penalty of 25% on the underpaid amount.

Petitioner seeks an annulment of the determination to the extent that respondent found an underpayment of the employees who constructed the scaffold, concluded that the underpayment was willful and imposed a civil penalty. Specifically, petitioner challenges respondent's determination that its three employees who constructed the scaffold performed carpentry work. Petitioner contends that those employees should be classified as laborers.

Generally, " 'trade or occupation' classifications for work embraced by Labor Law § 220 are a matter given to the expertise of [respondent] and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect 'the nature of the work actually performed' " (*Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d

117, 120 [1990], *affd on op below* 76 NY2d 946 [1990] [citations omitted], quoting *Matter of Kelly v Beame*, 15 NY2d 103, 109 [1965]; *see Matter of New York Tel. Co. v New York State Dept. of Labor*, 272 AD2d 741, 743 [2000], *lv denied* 95 NY2d 763 [2000]). The employees at issue here constructed a scaffold that eventually reached a height of 110 feet, using wood, nails and bolts. At the hearing, the Bureau presented evidence from a Syracuse-area labor union indicating that union policy provides that the construction and dismantling of scaffolds over 14 feet in height must be performed by carpenters. The Bureau also presented an industry publication known as the "green book," which governs jurisdictional disputes among labor unions. That document also provides that self-supporting scaffolds over 14 feet in height must be built by carpenters. Given this evidence, we cannot say that respondent's determination that the employees performed carpentry work was irrational. We note that petitioner presented conflicting evidence in the form of testimony from the Business Manager Elect for the Upstate Laborers District Council that the general practice in central New York at the relevant time was to have laborers perform the work involved in the construction, dismantling and handling of scaffolds. It is, however, within respondent's discretion to weigh contradictory evidence and resolve credibility questions (*see Matter of Hull-Hazard, Inc. v Roberts*, 129 AD2d 348, 352 [1987], *affd on op below* 72 NY2d 900 [1988]; *see also Matter of New York Tel. Co. v New York State Dept. of Labor, supra* at 743-744).

Similarly, we reject petitioner's argument that respondent erred in finding that the failure to pay prevailing wages to the forklift operators was willful. A finding of willfulness is warranted if "substantial evidence tend[s] to demonstrate that petitioner 'knew or should have known' that it was violating the law" (*Matter of J.F.B. Painting & Supply v Hudacs*, 210 AD2d 805, 806 [1994], quoting *Matter of D.D.G. Gen. Contr. Corp. v Hartnett*, 149 AD2d 819, 821 [1989]). The evidence at the hearing demonstrated that petitioner was an experienced contractor and aware of the applicable prevailing wage schedules. Its employees were supervised on site by project superintendents. Petitioner also had a prior history of underpayment violations. Accordingly, despite petitioner's assertions that the underpayment of the employees operating the forklift was inadvertent, we conclude that respondent's determination of willfulness is supported by substantial evidence (*see Matter of Nelson's Lamp Lighters v Hudacs*, 204 AD2d 814, 816 [1994]; *Matter of RSI Roofing v Hartnett*, 177 AD2d 885, 886 [1991]).

Peters, Spain, Mugglin and Kane, JJ., concur. Adjudged that

the determination is confirmed, without costs, and petition dismissed.