■ In the Matter of SARCO INDUSTRIES et al., Petitioners, v LINDA ANGELLO, as Commissioner of Labor, Respondent. [804 NYS2d 440]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220, 220-b) to review a determination of respondent which found that petitioner failed to pay prevailing wages and supplements.

In February 1996, petitioners entered into a contract with the State University Construction Fund to furnish the labor, materials and equipment necessary to construct an addition to the Mann Library at Cornell University in Tompkins County. The underlying contract required petitioners to, among other things, comply with the provisions of Labor Law § 220, which states, in pertinent part, that "[t]he allowable ratio of apprentices to journeymen in any craft classification shall not be greater than the ratio permitted to the contractor as to his work force on any [other] job under the registered program" (Labor Law § 220 [3-e]). The contract further provided that any employee listed on the employer's payroll as an apprentice who was not so registered must be paid the prevailing journeyman's wage for his or her particular classification of work.

Beginning in November 1998, the Department of Labor's Bureau of Public Work issued a series of notices of labor law inspection findings against petitioners for, among other violations, failing to pay prevailing wages and supplements, paying apprentice wages to unregistered apprentices and using an excessive number of apprentices on the Mann Library project. The investigation that followed culminated in a two-day hearing held in June 2003, at which petitioners' representatives and the

Department's investigator appeared and testified. Thereafter, in September 2004, the Hearing Officer* issued a determination finding that although petitioners underpaid 10 workers prevailing wages and supplements and paid two workers apprentice wages prior to such workers being registered as apprentices with the Department, such violations, in light of the testimony adduced at the hearing, were not willful. The Hearing Officer also found, however, that petitioners underpaid one worker, Nathan McGeever, by paying him an apprentice rate when he worked for two weeks without any journeyman supervision and that such violation was willful. The Hearing Officer thereafter imposed a 20% civil penalty, and respondent subsequently adopted the Hearing Officer's recommendation. Petitioner then commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

The issue presented for our review is relatively straightforward—namely, whether the record as a whole contains substantial evidence to support the finding that petitioners willfully failed to pay McGeever the prevailing wage for the work performed. In this regard, the case law makes clear that "[a] finding of willfulness is warranted if 'substantial evidence tend[s] to demonstrate that petitioner "knew or should have known" that it was violating the law' " (*Matter of Consolidated Masonry Contrs. v Angello*, 2 AD3d 997, 998 [2003], quoting *Matter of J.F.B. Painting & Supply v Hudacs*, 210 AD2d 805, 806 [1994], quoting *Matter of D.D.G. Gen. Contr. Corp. v Hartnett*, 149 AD2d 819, 821 [1989]). "Willfulness," in turn, "does not imply a criminal intent to defraud" (*Matter of Valvo [Ross]*, 83 AD2d 344, 346 [1981], *affd* 57 NY2d 116 [1982]). All that is required is that petitioners acted knowingly, intentionally or deliberately (*cf. Matter of Cam-Ful Indus. [Roberts]*, 128 AD2d 1006 [1987]).

Here, the record reflects that petitioners were experienced contractors with a growing resume of public works projects. Matthew Sarkisian, petitioners' vice president, testified that he was aware of the apprentice to journeyman ratio requirements and his brother, Gregg Sarkisian, who was a field engineer on the Mann Library project, testified that he knew McGeever was an apprentice when he put him to work on the project, that he was aware that McGeever was working without a supervising journeyman and, significantly, that during his then 11 years in the field, he had never seen an apprentice working alone in a

---

* The Hearing Officer who conducted the underlying hearing subsequently left the Department, and another Hearing Officer was assigned to render a disposition in this matter.

particular classification. Indeed, when McGeever arrived at the site, Gregg Sarkisian questioned the union as to whether, given that McGeever was an apprentice, a journeyman was required. Upon being told to put McGeever to work, and in the absence of a complaint from either the union or McGeever, petitioners sent McGeever into the field and paid him the apprentice rate. On this point, the Department's investigator testified that it was entirely permissible for an apprentice to work alone but, if he or she did so, he or she qualified as a journeyman and must be paid at that rate.

In our view, the foregoing testimony plainly demonstrates that petitioners knew or, at the very least, should have known that they were violating the relevant provisions of the Labor Law by paying McGeever at the apprentice rate when he was in fact working on his own and, as such, was entitled to be paid as a journeyman. The fact that neither the union nor McGeever complained as to the latter's rate of pay is irrelevant. Hence, we find respondent's determination that petitioners willfully violated Labor Law § 220 to be supported by substantial evidence in the record as a whole.

As to the issue of penalty, although petitioners devote a significant portion of their brief to defending their compliance with the Department's various document requests, the record indicates that the Hearing Officer considered a number of factors in determining the penalty to be imposed, including the size of petitioners' business, petitioners' good faith and history of prior violations and the gravity of the sustained violation. Having given due consideration to each of these factors, we cannot say that the 20% civil penalty imposed was so disproportionate to the underlying offense as to be shocking to one's sense of fairness (*see Matter of Hull-Hazard, Inc. v Roberts*, 136 AD2d 872, 874-875 [1988], *mod* 74 NY2d 710 [1989]). Accordingly, we decline to disturb the penalty imposed. Petitioners' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.