■ In the Matter of MURPHY'S DISPOSAL SERVICES, INC., et al., Petitioners, v COLLEEN C. GARDNER, as Commissioner of Labor, Respondent. [960 NYS2d 525]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found, among other things, that petitioners willfully failed to pay prevailing wages and supplements.

Petitioners, Murphy's Disposal Services, Inc. and its owner, Michael J. Evereth, entered into contracts with the Town of Colonie for the collection of leaves and yard waste from properties located within the Town. The initial 1997 contract did not contain a prevailing wage schedule, but a 1996 opinion letter from the Department of Labor was attached, indicating that leaf and yard waste collection was not subject to Labor Law articles 8 or 9. Although petitioners and the Town entered into similar contracts in 2000 and 2004, the later contracts did not contain either a prevailing wage schedule or the opinion letter from the Department.

In 2006, the Teamsters Local 294 filed a complaint with the Department, alleging that petitioners were not paying prevailing wages. A Department investigator informed petitioners that they were obligated to pay prevailing wages under the contract, but they continued to pay less than that amount until the contract expired. Following an audit and hearing, a Hearing Officer found an underpayment of approximately $70,000 in wages

and supplements in violation of Labor Law article 9, and that the failure to pay was willful. Respondent adopted the Hearing Officer's findings and recommendations, prompting this CPLR article 78 proceeding.

We reject petitioners' argument that the finding of willful violation was not supported by substantial evidence and, therefore, confirm. Labor Law article 9 requires contractors to pay prevailing wages to their employees who perform building service work pursuant to a contract with a public agency (Labor Law §§ 230, 231). As relevant here, a " '[b]uilding service employee' . . . means any person performing work in connection with the care or maintenance of an existing building . . . under a contract with a public agency . . . [and] includes, but is not limited[ ] to, . . . occupations relating to the *collection of garbage or refuse"* (Labor Law § 230 [1] [emphasis added]). In order to sustain a finding of willful failure to pay prevailing wages, it is not necessary to prove an "intent to defraud . . . ; all that is required is proof that the employer knew or should have known that it was violating the prevailing wage laws" (*Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905, 907 [2006], *lv denied* 8 NY3d 803 [2007]; *see Matter of Sarco Indus. v Angello*, 23 AD3d 715, 716 [2005]).

In their brief before us, petitioners do not challenge the classification assigned to their workers. Nor do they challenge respondent's conclusions that leaf and yard waste is encompassed within the meaning of "refuse" (*see generally* Town Law § 198 [9]; 6 NYCRR 360-1.2 [b] [132]), and that Labor Law article 9 governs work by "building service employees" on private property under contracts made with a public agency for services that are for the benefit of the public (*see Feher Rubbish Removal, Inc. v New York State Dept. of Labor, Bur. of Pub. Works*, 28 AD3d 1, 5-7 [2005], *lv denied* 6 NY3d 711 [2006]). Rather, they maintain that they were entitled to rely on the 1996 opinion letter from the Department indicating that prevailing wage rate laws did not apply, and that any underpayment was a mistake based upon the opinion letter attached to the 1997 contract. The opinion letter, however, was not attached to the 2004 contract that is the subject of this proceeding. Moreover, the 2004 contract indicated that it superseded all prior contracts and specified that prevailing wage rates were required to be paid to employees. Indeed, Evereth admitted that a Department investigator informed him in August 2006 that the opinion letter was incorrect and that prevailing wages were required.

Inasmuch as it is undisputed that petitioners continued to pay lower wages after Evereth was informed that the prevailing

wage rate law applied, substantial evidence supports the finding of a willful underpayment (*see Matter of Naftilos Painting & Sandblasting v Hartnett*, 173 AD2d 964, 965-967 [1991]; *Matter of Hull-Hazard, Inc. v Roberts*, 136 AD2d 872, 873-874 [1988], *mod on other grounds* 74 NY2d 710 [1989]; *cf. Matter of Sewer Envtl. Contrs. v Goldin*, 98 AD2d 606, 606-607 [1983]). To the extent that petitioners claim that they were entitled to consider the work exempt from the application of the prevailing wage requirements because no wage schedule was attached to the 2000 or 2004 contracts, we note that "the failure to annex the [prevailing rate schedule] to the work specifications [does] not relieve petitioner[s] of [their] obligation to pay prevailing wages" (*Matter of Twin State CCS Corp. v Roberts*, 72 NY2d 897, 899 [1988]). Finally, and contrary to petitioners' remaining argument, "[h]earsay evidence can be the basis of an administrative determination" (*Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]).

Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.