| **Matter of Rooney v City of New York** |
| --- |
| 2024 NY Slip Op 31328(U) |
| April 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161676/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

TERRENCE ROONEY,

Petitioner,

- v -

CITY OF NEW YORK, HON. EDWARD A. CABAN, in his official capacity as the Police Commissioner of the City of New York, and HON. ROSEMARIE MALDONADO, in her official capacity as the Deputy Commissioner of Trials of the New York Police Department,

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 161676/2023 |
| MOTION DATE | 04/16/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for                              ARTICLE 78 (BODY OR OFFICER)              .

This is a CPLR article 78 proceeding, pursuant to which the petitioner seeks judicial review of an August 2, 2023 determination of the respondent Hon. Edward A. Caban, in his official capacity as Police Commissioner of the City of New York, finding the petitioner guilty of numerous specifications set forth in several charges of misconduct that had been preferred against the petitioner, and thereupon terminating the petitioner's employment with the New York City Police Department (NYPD).  Caban's determination was made upon the January 13, 2023 report and recommendation of the respondent Rosemarie Maldonado, in her capacity as NYPD deputy commissioner, which, in turn, was made after a trial-type hearing that Maldonado conducted on October 27, 2022 and October 28, 2022.  The petitioner contends, among other things, that Maldonado made errors in her fact-finding as to whether he did, in fact, commit the acts described in the specifications and, hence, whether he should have been found guilty of Specifications 1 and 3, as set forth in Case No. 2021-23895, and all of the Specifications that

**161676/2023   ROONEY, TERRENCE vs. CITY OF NEW YORK ET AL**
Motion No.  001

**Page 1 of 5**

[* 1]

were set forth in Case Nos. 2020-22445 and 2021-23062. The respondents answered the petition and filed the administrative record. The proceeding is transferred to the Appellate Division, First Department, for disposition pursuant to CPLR 7804(g).

Pursuant to CPLR 7803, the petitioner may challenge the respondents' determination on the ground, inter alia, that it was made "as a result of a hearing held, and at which evidence was taken, pursuant to direction by law" (CPLR 7803[4]) and is not supported by "substantial evidence" (*id*.), and that it was "an abuse of discretion . . . as to the measure or mode of penalty or discipline imposed" (CPLR 7803[3]). Judicial review of the factual basis of a substantive administrative determination made after a trial-type hearing directed by law is limited to whether the determination is supported by substantial evidence (*see Matter of Delgrande v Greenville Fire Dist*., 132 AD3d 987 [2d Dept 2015]; *Matter of Moss Electric Air Conditioning Corp. v Goldin*, 120 AD2d 409 [1st Dept 1986]; CPLR 7803[4]).

Pursuant to CPLR 7804(g),

> "[w]here the substantial evidence issue . . . is raised, the court shall first dispose of such other objections as could terminate the proceeding including, but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue. If the determination of the other objections does not terminate the proceeding, the court shall make an order directing that it be transferred for disposition to a term of the appellate division within the judicial department embracing the county in which the proceeding was commenced."

The substantial evidence question is raised where, as here, the petitioner challenged the factual findings set forth in an underlying NYPD determination, made after a hearing conducted by the NYPD's deputy commissioner for trials, concerning whether he engaged in certain misconduct described in numerous charges and specifications preferred against him (*see Matter of Cyrus v O'Neill*, 184 AD3d 499, 499 [1st Dept 2020]). Specifically, the petitioner challenges the hearing officer's factual finding that he engaged in the acts described in the specifications and charges of which he was found guilty.

**161676/2023   ROONEY, TERRENCE vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 2 of 5

Since there were no objections in point of law asserted by the respondents that would dispose of the proceeding prior to transfer, the matter must be transferred to the Appellate Division. "When the proceeding comes before it, whether by appeal or transfer the appellate division shall dispose of all issues in the proceeding" (CPLR 7804[g]; *see Matter of Rossi v New York City Dept. of Parks & Recreation*, 127 AD3d 463, 467 [1st Dept 2015]; *Matter of Roberts v Gavin*, 96 AD3d 669, 670 [1st Dept 2012]). Thus, the Appellate Division also has the authority to address and dispose of the petitioner's contention that the penalty imposed by the respondents constituted an abuse of discretion because it was excessive and, thus, shocked the judicial conscience (*see Matter of MVM Constr., LLC v Westchester County Solid Waste Commn.*, 112 AD3d 637, 639-640 [2d Dept 2013]).

The court notes that, in accordance with applicable Court rules, in order to place the transferred proceeding on the calendar of the Appellate Division, First Department, so that it may be heard, the petitioner in a transferred CPLR article 78 proceeding must "perfect" the transferred proceeding either,

> (1) upon the full record reproduced (*see* 22 NYCRR 1250.5[b], 1250.6, 1250.7, 1250.9[a][1]), in which case the petitioner must, within six months of the date of this order, file, with the Clerk of the Appellate Division, First Department, 27 Madison Avenue, New York, NY 10010, an original and five hard copies of a reproduced full record, consisting of all papers previously filed with this court in this proceeding, an original and five hard copies of a petitioner's brief explaining the reasons why he contends that the respondents' determination should be annulled, and one digital copy of the record and brief, with proof of service of one hard copy of the record and brief upon each other party to the appeal, or

> (2) by the appendix method (*see* 22 NYCRR 1250.5[c]), or

> (3) on the original record (*see* 22 NYCRR 1250.5[e]).

If the petitioner elects to perfect the transferred proceeding either by the appendix method or on the original record, he is obligated to:

> (a) subpoena the case file from the New York County Clerk, located at 60 Centre Street, Room 103B/141B, New York, NY 10007, to the Clerk of the Appellate Division, First Department, 27 Madison Avenue, New York, NY 10010, in order to permit the Appellate Division to consider the proceeding,

**161676/2023   ROONEY, TERRENCE vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 3 of 5

(b) file an original and five copies of a petitioner's brief with the Clerk of the Appellate Division, First Department, within six months of the date of this order, explaining the reasons why the petitioner contends that the respondents' determination should be annulled, and

(c) file, with the clerk the Appellate Division, First Department, proof of service, in the form of an affidavit, stating that someone on his behalf served the subpoena upon the New York County Clerk (*see* 22 NYCRR 1250.9[a][4]; *see also* 22 NYCRR 1250.5[e][4], 1250.12[a]).

The court further notes that forms for the necessary subpoena are available from the New York County Clerk's Office, and must be filled out and delivered to the New York County Clerk, along with a copy of this order, before that office will transfer the case file to the Clerk of the Appellate Division. Should the New York County Clerk require this court to sign and "so order" the subpoena before he shall accept it, the petitioner shall submit a completed subpoena form directly to this court at 71 Thomas Street, Room 204, New York, NY 10013, or by e-mail to LAGOLDBE@nycourts.gov, for the Justice's signature.

Accordingly, it is,

ORDERED that, pursuant to CPLR 7804(g), the proceeding is transferred to the Appellate Division, First Department, for disposition; and it is further,

ORDERED that the petitioner shall serve a copy of this order with notice of entry upon the County Clerk, and, if electing to perfect the transferred proceeding using the appendix method or on the original record, shall also serve a completed and, if required, so-ordered subpoena upon the County Clerk directing the County Clerk to transfer the case file to the Clerk of the Appellate Division, First Department.

**161676/2023  ROONEY, TERRENCE vs. CITY OF NEW YORK ET AL**  **Page 4 of 5**
**Motion No.  001**

4 of 5

This constitutes the Decision and Order of this court.

| | |
|---|---|
| **4/16/2024** | *[signature]* |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161676/2023   ROONEY, TERRENCE vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]