■ In the Matter of F. G. COMPAGNI CONSTRUCTION COMPANY, INC., et al., Respondents, v PHILIP ROSS, as Industrial Commissioner of the State of New York, Appellant. (And One Other Proceeding.)—Appeal from judgments of the Supreme Court at Special Term, entered April 3, 1980 in Albany County, which granted petitioners' applications, in proceedings pursuant to CPLR article 78, to annul certain prevailing wage and supplement redeterminations issued pursuant to section 220 of the Labor Law, and certain notices to withhold payment of moneys issued pursuant to section 220-b of the Labor Law. The issues in both these proceedings are identical. The petitioners are engaged in the performance of public construction contracts within the State of New York for various towns and counties. It is their contention that the respondent determined the prevailing wages and supplements payable under these contracts contrary to the statutory mandate of section 220 of the Labor Law. Petitioners seek an order vacating these redeterminations and also request vacatur of notices to withhold payment of moneys issued on the basis of the redeterminations. The facts are not contested. The respondent, instead of ascertaining prevailing wages and supplements as directed in the statute, that is, by investigating the wages and supplements of paid workers in the "locality" involved as defined in section 220 (subd 5, par d) of the Labor Law, proceeded, instead, to conduct surveys yearly in 57 counties and then arrived at a "pre-printed menu distribution combinations' schedule" in which the current union wage rates in the various areas were maintained. Respondent attempts to justify the methods used as practical and reasonable. He argues, also, that the 1978 amendments to section 220 of the Labor Law (L 1978, ch 336) should apply to one of these contracts, which was executed before the amendments' effective date.* The retroactivity issued raised here was decided by this court in *Matter of Schultz Constr. v Ross* (76 AD2d 151, mot for lv to app granted *sub nom. Matter of Blades & Sons v Ross,* 51 NY2d 707). The court there held that the amendments applied only to contracts entered into after their effective date. Therefore, the respondent's failure to provide notice and a hearing to petitioner F. G. Compagni Construction Company, Inc., and his initiation of a redetermination without the town's request, in the contract between this petitioner and the Town of Vienna, warrant vacatur of the wage and supplement redetermination. We also conclude, as to the other petitioners, that respondent's failure to comply with statutory procedures vitiates its redeterminations of wages and supplements. The statute provides specific and constrictive terms such as "town", "city", "village" and "civil division" as the localities to be used in the first instance in

---

* The contract between petitioner F. G. Compagni Construction Company, Inc., and the Town of Vienna was executed prior to that date.

ascertaining prevailing rates and, further, directs an order of priority among civil divisions in reaching a redetermination (Labor Law, § 220, subd 5, par d). Respondent's use of county surveys is at odds with the clear direction of the statute. The lack of conformity to the statutory procedure alone warrants annulment of the redeterminations, *(Matter of Armco Drainage & Metal Prods. v Moore,* 285 App Div 236; *Matter of Johnson Constr. Co. v Andrews,* 241 App Div 787; McKinney's Cons Laws of NY, Book 1, Statutes, § 231 *et seq.).* So, too, does respondent's use of union wage rates to establish a prevailing wage. The statute provides a specific procedure for establishing the prevailing rate (Labor Law, § 220, subd 5, par a). It does not provide that the prevailing rate is the union rate unless it is shown that union members do, in fact, constitute a majority in the locality *(People ex rel. Rolf v Coler,* 58 App Div 347). We are unpersuaded by respondent's contention that the results and not the methods used should be controlling. Where the Legislature has spoken specifically as to the formula to be used to arrive at the standard, the respondent's deviation therefrom cannot be countenanced. We note, parenthetically, that the accuracy of the rates and supplements has not been established by the respondent in this proceeding. Petitioners have established respondent's administrative irregularity and, therefore, the presumption that a government agent acts within his official duty has been destroyed (see *Matter of Whitman,* 225 NY 1; Richardson, Evidence [10th ed], § 72). It is respondent's obligation to prove the accuracy of his redeterminations. This has not been done. Respondent's assertions as to their validity are merely conclusory and not supported by proof. Special Term's vacatur of the redeterminations was proper. The last issue in these proceedings relates to Special Term's annulment of the Labor Law inspection findings and notices to withhold moneys which were issued by respondent to some of the petitioners. It is conceded that the notices, pursuant to subdivision 2 of section 220-b of the Labor Law, were issued solely because of respondent's finding that updated wage rates, which were based upon the redeterminations complained of in the proceedings under review, were not paid by petitioners. Special Term vacated the notices. Respondent contends that this was improper in that he is granted wide latitude in preserving a fund for the benefit of workers when it appears to him that unpaid wages and supplements are due. Subdivision 2 of section 220-b provides for an administrative hearing to determine the propriety of respondent's belief that payment should be withheld from a contractor. The order made pursuant to a hearing is then subject to judicial review under CPLR article 78. No such hearing was held in this case. Petitioners should have pursued their administrative remedy before seeking judicial annulment of the notices *(Ronco Communications & Electronics v Valentine,* 70 AD2d 773). The order of Special Term was, therefore, premature. Judgments modified, on the law, by reversing so much thereof as annuls the notices of Labor Law inspection findings and notices to withhold payment of moneys issued pursuant to section 220-b of the Labor Law, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.