■ In the Matter of BARSONS CONSTRUCTION Co., INC., Respondent, v PHILIP Ross, as Industrial Commissioner of the State of New York, et al., Appellants. — Appeal from so much of the judgment of the Supreme Court at Special Term (Cobb, J.), entered September 22, 1980 in Albany County, as granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul certain prevailing wage and supplement redeterminations issued pursuant to section 220 of the Labor Law, and certain notices to withhold payment of moneys issued pursuant to section 220-b of the Labor Law. Petitioner sought and was granted a judgment annulling certain prevailing wage and supplement redeterminations issued pursuant to section 220 of the Labor Law and certain notices to withhold payment of moneys issued pursuant to section 220-b of the Labor Law. The judgment also directed the release and payment to petitioner of certain sums withheld pursuant to the notices plus appropriate interest. Respondents appeal. The first issue raised concerns the timeliness of the proceeding insofar as it involves a prevailing wage and supplement redetermination dated June 29, 1979 and forwarded to petitioner in July, 1979. The proceeding was commenced in February, 1980. Consequently, it was untimely insofar as it sought to vacate the June 29, 1979 redetermination since it was not commenced within four months of the notice of entry of the determination as required by CPLR 217 (see *Matter of Schultz Constr. v Ross,* 76 AD2d 151, app dsmd 52 NY2d 897). Therefore, so much of the judgment as annulled the June 29, 1979 redetermination must be reversed. The second issue raised involves certain notices to withhold payment of moneys issued pursuant to section 220-b of the Labor Law. Special Term annulled these notices and

directed the release and payment to petitioner of the sums withheld pursuant to the notices plus appropriate interest. No hearing pursuant to subdivision 2 of section 220-b of the Labor Law was held to determine the propriety of respondents' belief that payment should be withheld. Petitioner concedes that having failed to exhaust its administrative remedies, it was not entitled to the release and payment of the moneys withheld (see *Matter of Compagni Constr. Co. v Ross,* 79 AD2d 831). Consequently, Special Term improperly annulled the notices and directed the release and payment of the sums withheld including appropriate interest. Respondents' final argument concerns the award of interest upon the payment of the sums withheld. In view of our determination that Special Term erred in directing the payment of said sums, resolution of this issue becomes unnecessary. Judgment modified, on the law, by reversing so much thereof as annulled the prevailing wage and supplement redetermination dated June 29, 1979, vacated the notice of Labor Law Inspection Findings dated December 14, 1979, annulled the notices to withhold payment of moneys and directed the release and payment to petitioner of the sums withheld pursuant to the notices plus appropriate interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.