■ In the Matter of NALEWS, INC., Petitioner, v PHILIP ROSS, as Industrial Commissioner, Respondent, and RICHARD T. CLARK et al., Intervenor-Respon-

dents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Industrial Commissioner establishing prevailing rates of wages and supplements to be paid by petitioner under a public works contract between petitioner and the Environmental Facilities Corporation of New York State. On September 3, 1976, petitioner entered into a public works contract for construction of a water pollution control plant in the Village of Celoron, Town of Ellicott, County of Chautauqua. As required by section 220 of the Labor Law, the agreement provided that petitioner would pay construction workers on the project the prevailing rate of wages at the time the work was performed. During the progress of construction, respondent Industrial Commissioner (commissioner) made three redeterminations increasing the level of prevailing rates in 10 relevant job categories. In 1978, however, these determinations were annulled by Special Term in two article 78 proceedings, and the matter was remitted to the commissioner for a hearing. The redeterminations made following that hearing, in which the report and recommendations of the hearing officer were adopted *in toto,* are now the subject of this proceeding. The hearing officer found that the appropriate prevailing rates were the same as wages paid for comparable positions under collective bargaining agreements in Chautauqua County. The principal evidence introduced at the hearing consisted of surveys conducted by a labor department investigator in 1976 and 1977 for the three periods in question of some 500 construction positions throughout the county, approximately 140 in the Town of Ellicott, plus a report estimating the percentage of construction workers that were union members in Chautauqua County in 1976 and 1977. Initially, we find insufficient as a basis for disturbing the determination petitioner's objection to the hearing officer's refusal to require disclosure of the identities of the contractor-employers to whom the surveyed wages related (see *Matter of Long Is. Light. Co. v Industrial Comr. of N.Y. State,* 34 NY2d 725, 726); and similarly insufficient the claimed failure on the part of the commissioner to conduct the hearing and investigation expeditiously (*Matter of Nalews, Inc. v New York State Environmental Facilities Corp.,* 79 AD2d 829, 830). Of more serious import, however, is petitioner's contention that the commissioner's determination failed to conform to the requirements of section 220 (subd 5, pars a, d) of the Labor Law, that prevailing rates are to be determined on the basis of wages paid in the "same locality", i.e., "civil division", where the work is performed or, when no workmen in other projects are employed in the same civil division, then based on wages paid in the first larger civil division, beginning with the city or village, then the township, and then the county. In *Matter of Campagni Constr. Co. v Ross* (79 AD2d 831), we held that the foregoing statutory requirements were "specific and constrictive" in directing the order of priority among civil divisions in reaching a prevailing rate determination, and that union wage rates could not be employed to establish a prevailing rate in the absence of proof that union members actually constituted a majority in the locality (*id.,* at pp 831-832). A reading of the hearing officer's decision clearly reveals that the redetermination of prevailing rates was made on the basis of wages in Chautauqua County as a whole, and not upon wages paid in either the Village of Celoron, the civil division where the work was performed, or the Town of Ellicott, the next larger civil division. Moreover, there was no proof establishing that union members constituted a majority of construction workers in either the village or town. Nor does the hearing officer's report set forth any factual basis or reason why the wages paid to construction workers in the smaller civil divisions could not have been used for purposes of making the necessary calculations required under section

220 (subd 5, par a) of the Labor Law for all or part of the job classifications in question. Accordingly, the commissioner's determination, based entirely upon the hearing officer's report, must be annulled, either because of its conflict with our holding in *Matter of Campagni Constr Co. (supra)* or because of the inadequacy of its findings to support the determination *(Matter of Montauk Improvement v Proccacino,* 41 NY2d 913). Petition granted, and determination annulled, without costs; matter remitted to respondent Industrial Commissioner for further proceedings and findings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.