■ In the Matter of HULL-HAZARD, INC., et al., Petitioners, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent, and NEW YORK STATE BUILDING TRADES COUNCIL, Intervenor-Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Labor establishing prevailing rates of wages and supplements to be paid by petitioners under public works contracts. Petitioners are contractors who have entered into public construction contracts with the State. During the pendency of the contracts, respondent determined that prevailing wage rates, under section 220 of the Labor Law, had increased, and issued redeterminations of 22 rates for 1976 and 1977. The updated schedules were annulled by Special Term, however, on the ground that they were issued without petitioners having had an opportunity to be heard (*Matter of Ballard Constr. v Ross,* 63 AD2d 99, mot for lv to app den 45 NY2d 713). Thereafter a hearing was held, and the hearing officer's report and recommendations were adopted in their entirety by the commissioner in new redeterminations. Petitioners seek an order vacating these redeterminations and also granting them the return of funds withheld on the basis of the redeterminations. Petitioners contend that respondent's redeterminations did not comply with the statutory mandate of section 220 of the Labor Law. In his report the hearing officer found that the Department of Labor had established, using valid statistical data, that union wage rates were the prevailing rates in 8 of the 22 redeterminations. Obviously, in order to use a union rate as a prevailing rate, respondent must show both that the union rate was paid in the locality and that union members *actually*, not merely theoretically, constituted a majority or at least 40% of the workers in the pertinent job category in the locality (*Matter of Nalews, Inc. v Ross,* 88 AD2d 1035; *Matter of Campagni Constr. Co. v Ross,* 79 AD2d 831, mot for lv to app den 53 NY2d 604; see Labor Law, § 220, subd 5, par a). From the rather obscure evidence in the record, the most that can be said is that respondent could have compiled 1970 data on total

employment in the construction industry, differentiated into job categories on a county basis, from the 1970 census figures. There was also evidence to support respondent's finding of the 1976 total number of construction workers without differentiation into job categories from employers' reports for unemployment insurance purposes. There may also be evidence for 1976 concerning the number of union workers in each county based on contracts filed with respondent. However, respondent attempted to supply the total number of workers in each job classification for 1976 by applying national percentages compiled in 1974 by the National Bureau of Labor Statistics to the 1970 Census figures. Clearly national percentages give absolutely no information as to *actual* breakdowns into job categories in New York State, let alone in the political subdivision now under consideration. Therefore, since respondent cannot show total numbers of workers in the applicable job categories, it clearly cannot show the percentage in each category which was unionized. Since there is thus no evidence on which the commissioner could have made redeterminations establishing a union wage rate as a prevailing wage, the redeterminations do not meet the requisites of section 220 of the Labor Law and must be annulled (see *Matter of Nalews, Inc. v Ross, supra; Matter of Compagni Constr. Co. v Ross, supra*). Petition granted, and redetermination annulled, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.