In the Matter of LIQUID ASPHALT DISTRIBUTORS ASSOCIATION, INC., et al., Appellants, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.

Third Department, April 24, 1986

296

*Hayes & Hayes (Harry R. Hayes* of counsel), for Liquid Asphalt Distributors Association, Inc., appellant.

*Harter, Secrest & Emery (William H. Helferich, III,* of counsel), for Suit-Kote Corporation, appellant.

*Robert Abrams, Attorney-General (Carlin Meyer* of counsel), for respondent.

*Colleran, O'Hara & Mills, P. C. (Richard L. O'Hara* of counsel), for AFL-CIO, *amicus curiae.*

## OPINION OF THE COURT

Levine, J.

The instant case concerns the interpretation of 1983 amendments to Labor Law § 220 (L 1983, ch 447) (hereinafter the 1983 amendments). Labor Law § 220 mandates that workers on public projects be paid at the wage rate which prevails in their trade or occupation in the locality where they work. Prior to 1983, "locality" was defined under the statute as the "town, city, village or other civil division of the state wherein the physical work is being performed" (Labor Law former § 220 [5] [d]) and respondent determined prevailing wage rates by conducting surveys of the actual wages paid to each worker in some 183 trades in each locality *(see,* Labor Law former § 220 [5]; *Matter of Compagni Constr. Co. v Ross,* 79 AD2d 831, *lv denied* 53 NY2d 604). Under the prior law, the wage paid to a majority of the workers in a given locality, or in the event a majority was not paid at the same rate, the wage paid to 40% of the workers, constituted the prevailing wage rate (Labor Law former § 220 [5] [a]). The 1983 amendments authorized respondent to adopt wage rates set by collective bargaining in the private sector as the prevailing wage rate whenever 30% of the workers in a given trade in a particular locality were subject to such collectively bargained rates (L 1983, ch 447, § 3; Labor Law § 220 [5] [a]). Additionally, "locality" was redefined as the area "of the state described and defined for a

trade or occupation in the current collective bargaining agreements between bona fide labor organizations and employers of the private sector, performing public and private work" (L 1983, ch 447, § 4; Labor Law § 220 [5] [d]).

In July of 1984, respondent adopted a schedule of prevailing wage rates for employees in 26 counties who operated asphalt distributors in applying liquid asphalt materials to municipal roads and streets based upon the pay schedule for asphalt distributors set out in the 1982-1985 collective bargaining agreement between the New York State Teamsters Council and the Associated General Contractors of America (hereinafter the Teamsters' agreement). Petitioners, Suit-Kote Corporation and Liquid Asphalt Distributors Association, Inc., an association comprised of approximately 20 members engaged in the business of selling and applying liquid asphalt materials, challenged the wage rate set by respondent, contending that it had been determined contrary to the statutory mandate of Labor Law § 220. Petitioners alleged (1) that Labor Law § 220 required respondent to determine, prior to setting the prevailing wage rate, that 30% of the workers who operated liquid asphalt distributors in the locality covered by the Teamsters' agreement were subject to the wage rate set therein, and (2) that, in fact, the employers subject to the agreement did not employ 30% of such workers. Special Term dismissed the petition on the ground that petitioners failed to meet their burden under Labor Law § 220 (6) of showing that, in fact, less than 30% of the liquid asphalt workers in the locality covered by the Teamsters' agreement were subject to the wage rates set therein. We now affirm.

We are not persuaded by petitioners' contention that Labor Law § 220 requires respondent to conduct surveys to determine whether at least 30% of the workers in a given locality are subject to a collectively bargained wage rate prior to adopting such as the prevailing wage rate. The legislative history of Labor Law § 220 shows that the 1983 amendments were enacted by the Legislature in response to this court's decision in *Matter of Compagni Constr. Co. v Ross (supra),* which required extensive surveying of wage rates in the numerous civil divisions of the State prior to the adoption of a prevailing wage rate *(see,* Memorandum of Attorney-General, July 7, 1983, Governor's Bill Jacket, L 1983, ch 447). Experience with surveying had shown that prevailing wage rates adopted were invariably equivalent to collectively bargained rates. Since surveys would only confirm this phenomenon

while requiring the expenditure of limited public resources, the Legislature dispensed with respondent's duty to survey and instead provided for the adoption of collectively bargained wage rates (see, id.; see also, Budget Report on Bills, July 14, 1983, Governor's Bill Jacket, L 1983, ch 447; Memorandum in Support by Sponsoring Legislators, Governor's Bill Jacket, L 1983, ch 447).

In conjunction with abolishing respondent's duty to survey, the 1983 amendments place the burden on employers who contest prevailing wage rates to show that, in fact, less than 30% of the workers in a given locality are subject to the wage rate adopted (Labor Law § 220 [6]; see, Memorandum of Attorney-General, July 7, 1983, Governor's Bill Jacket, L 1983, ch 447; Budget Report on Bills, July 14, 1983, Governor's Bill Jacket, L 1983, ch 447; Memorandum in Support by Sponsoring Legislators, Governor's Bill Jacket, L 1983, ch 447). Labor Law § 220 (6) codifies this provision and is the sole means afforded petitioners for challenging the wage rate set by respondent for liquid asphalt workers. Petitioners are required to prove "by competent evidence, that the actual percentage of [liquid asphalt workers subject to the wage rate set in the Teamsters' agreement] is below the required thirty per centum" (Labor Law § 220 [6]). Petitioners have failed to meet this burden. They have not submitted any evidence beyond conclusory allegations concerning the number of liquid asphalt workers employed by the parties subject to the Teamsters' agreement, the number of liquid asphalt workers employed in the locality covered by the Teamsters' agreement, or wage rates for liquid asphalt workers other than those adopted by respondent. Accordingly, the judgment of Special Term must be affirmed.

KANE, J. P., MAIN and HARVEY, JJ., concur.

Judgment affirmed, with costs.