OPINION OF THE COURT
Richard S. Lane, J.
Defendant New York Housing Authority (hereinafter sometimes NYCHA) moves to dismiss on the grounds of documentary evidence, Statute of Limitations and failure to state a cause of action. Defendant New York City, having answered, moves for summary judgment on the grounds of Statute of Limitations, failure to state a cause of action and failure to join necessary parties. Plaintiff cross-moves for summary judgment.
The action and motions raise heretofore unexplored issues under Labor Law § 220-b.
The facts are substantially uncontroverted.
Plaintiff was an employee of Lamson Industries, a joint venturer with Hico Corporation of America (hereinafter sometimes Hico/Lamson) under a series of contracts with New York City Housing Authority to install compactors. Plaintiff and some 14 coemployees complained of underpayment of wages. Pursuant to Labor Law § 220-b, the fiscal officer (in this instance the Comptroller of the City of New York) held a hearing and rendered an order in favor of complainants and, in particular, adjudging that plaintiff was due the sum of $5,659.21. In addition, the order directed the withholding of the sum due complainants ($143,657.59) from moneys otherwise payable by NYCHA to Hico/Lamson. The order was dated May 19, 1978.
Subsequent to the entry of the order Hico/Lamson commenced an article 78 proceeding which was eventually dismissed as untimely on April 19, 1979.
Plaintiff inquired of the Comptroller through counsel when payment would be forthcoming, and was advised that the withheld money was being retained as security for the proper performance by Hico/Lamson of the various contracts until completion as late as 1983.
In the interim a number of plaintiff’s coemployees brought an action against Hico/Lamson and defendants here for the amounts awarded to them under the Comptroller’s order. That action was settled in their favor by stipulation dated October 27, 1981. The settlement provided for the release of the *977 remaining balance of the withheld money and other retainage under the contracts to Hico/Lamson’s factor conditioned upon the filing and approval of a bond to cover payment to the employees (including plaintiff) affected by the Comptroller’s order who were not parties to the action. The bond was issued on January 22, 1982. It contained a one-year limitation for claims. The consummation of the settlement was completed by transfer of the money on February 22, 1982.
Plaintiff had knowledge of the commencement of the action but not of its settlement.
Another group of plaintiff’s coemployees brought an action under the bond, and successfully won summary judgment in their favor by order dated November 4, 1983. Plaintiff, by hypothesis, had no knowledge of this action.
Sometime during these events Hico was declared bankrupt and Lamson became defunct.
Plaintiff commenced the instant action on December 9, 1985 seeking $5,659.21 (the amount awarded to him in the Comptroller’s order) for improper release of moneys held by defendants on his behalf and for failure to notify him of the bond issued for his benefit.
Claims by defendants of failure to state a cause of action are without merit. The complaint clearly sounds in conversion, and, although perhaps not artfully or completely stated, adequately meets the standard of indorsed pleadings in this court.
Claims by defendants of failure to join necessary parties are likewise without merit. Neither Hico/Lamson nor their factor committed the acts charged in the complaint, and, to the extent that they may be ultimately responsible for plaintiff’s wages, they may be joined as third parties if defendants are so advised.
Claims by defendants of documentary evidence defeating plaintiff’s causes of action are unsupported in the papers. If defendants are relying on the settlement and bond and on the assertion that the money was thus available awaiting plaintiff’s demand, that is real "chutzpa”. The money was released to the very persons whose improper wage practices led to the withholding, and in violation of the flat command of the statute to pay to plaintiff (see, Devitt v Schottin, 274 NY 188). Cases apparently to the contrary demonstrate merely that under section 220-b a withholding order can issue after complaint and/or investigation, but payment over is not required *978 until after hearing (see, Matter of Barsons Constr. Co. v Ross, 85 AD2d 755; Matter of Nalews, Inc. v New York State Envtl. Facilities Corp., 79 AD2d 829; Ronco Communications & Elecs. v Valentine, 70 AD2d 773).
Claims by defendants of the bar of the Statute of Limitations are more troublesome.
The three-year period in section 220-b itself, running from date of the Comptroller’s order or resolution of any article 78 proceeding to review it, would have expired in April 1982. Although strongly pressed by defendants, it is, of course, inapposite. It pertains specifically only to an action against the employer where the amount available for withholding and withheld is not enough to satisfy the amount determined to be due in the order.
The three-year period in CPLR 214, running from the date of conversion, would have expired, at the latest, in February 1985 — three years after the release of the moneys and some 9 or 10 months before the inception of this action.
The provisions of CPLR 206 (a) do not operate here to extend the appropriate period of limitations. The section is probably not applicable because Labor Law § 220-b does not contain any demand requirement, but, in any event, all of the necessary facts were known to plaintiff as early as 1979.
The communication from the Comptroller explaining the delay in release does not operate to extend any appropriate period of limitations. To function as an estoppel, a communication must contain, explicitly or implicitly, a request or at least an invitation to refrain from legal action. The papers simply do not support any estoppel here. Indeed, to give due credit, the Comptroller’s office seems to have been encouraging the affected employees to go to court.
Why isn’t that the end of the trail for plaintiff?
In recent years, courts have begun to invade that borderland where actions ex delicto and actions ex contractu overlap. And where tort and contract theories are both available to complainant and the injury alleged is to property or pecuniary interests, courts have begun to give the plaintiff the benefit of the longer period of limitations rather than engage in torturous inquiry into the "essence” of the action (Baratta v Kozlowski, 94 AD2d 454, 460-464). The theory appears to be that a multiple wrongdoer should not be permitted to bootstrap from one of the wrongs to defeat an action on the basis of the Statute of Limitations (Siegel, NY Prac § 37).
*979 Perhaps recognizing this danger, defendants assert there is no contract nor implied contract since unjust enrichment, which is the premise of implied contract does not exist here (22 NY Jur 2d, Contracts, §§ 448-450). Arguably true so long as NYCHA was holding its own money for the account of the affected employees, including plaintiff. The release of the money, however, to secure or to assist in the completion of the various contracts between Hico/Lamson and NYCHA transformed the picture. It secured a real or imagined benefit at the expense of precluding compliance with section 220-b. It created an unjust enrichment.
The six-year period in CPLR 213 (2), running from the date of the implied contract, would thus not expire until February 1988.
Turning now to the city’s motion for summary judgment, its position is really quite different from the NYCHA. It never held the money. It never released the money. It secured no benefit from the release of the money. Its participation in the Labor Law § 220-b proceedings was in a quasi-judicial capacity. Its participation in the settlement was really in the role of counsel for NYCHA. At most, the facts might support a nonpleaded cross claim by NYCHA against the city.
Turning finally to plaintiff’s cross motion for summary judgment, it is premature against NYCHA because issue has not yet been joined, and against the city, as indicated above, it is not supported by the facts.
Accordingly, defendants’ motions to dismiss are denied, the city’s motion for summary judgment is granted, and plaintiff’s cross motion for summary judgment is denied.