OPINION OF THE COURT
Joseph A. DeMaro, J.
This is a CPLR article 78 proceeding wherein petitioner, Pav-Lak Contracting Inc. (Pav-Lak), is seeking an order directing the Department of Labor (DOL) to release and/or remove the notice of cross-withholding placed on funds due Pav-Lak for improvements to the Port Jefferson Elementary School based upon an alleged underpayment of wages by a subcontractor on Islip Union Free School District contract No. 95-00970, or, in the alternative, directing the DOL to conduct a hearing expeditiously on the issue of whether Pav-Lak is liable for its subcontractor’s alleged failure to pay prevailing wages on the Islip project.
Pav-Lak was the general contractor performing various improvements for the Islip Union Free School District, known as contract No. 95-00970. Pav-Lak engaged Compliance Contracting Corp. (Compliance) as a subcontractor for the Islip project. The Islip project was completed on or about August 2, 1996. Subsequent to the Islip project, Pav-Lak entered into a public work contract with the Port Jefferson Union Free School District (the Port Jefferson project).
On or about July 30, 1996, the DOL Bureau of Public Work received a written complaint from a laborer who performed work on the Islip project alleging that he was underpaid wages *388 and supplements by his employer, Compliance. Thereafter, the DOL initiated an investigation and conducted an audit. DOL’s audit revealed that Compliance underpaid wages and supplements on the Islip project; the DOL calculated that the amount of underpayments, together with interest and penalties, totaled $161,150.38.
On August 23, 1999, the DOL served a notice upon Port Jefferson Union Free School District directing it to withhold $161,150.38 in monies due Pav-Lak on the Port Jefferson project. This withholding was based upon Pav-Lak’s liability, as prime contractor, for the violations of its subcontractor, Compliance, on the Islip project (see, Labor Law § 223). Monies were being cross-withheld from Pav-Lak on the Port Jefferson project pursuant to Labor Law § 220-b (2) (a) because there were insufficient funds available on the Islip project to satisfy the underpayments.
In support of the within petition, Pav-Lak argues that: (1) the withholding has no legal basis because the three-year Statute of Limitations to initiate enforcement proceedings under Labor Law § 220-b has expired; (2) it has no administrative right to compel a hearing; and (3) in the event that this court does not direct the release of the cross-withholding, this court should direct the DOL to conduct its hearing expeditiously in accordance with Labor Law § 220-b (2) (c).
In opposition to the petition, the respondents submit that: (a) the DOL’s withholdings are authorized and required by law; (b) the DOL received the complaint and initiated its investigation within the applicable Statute of Limitations; and (c) Pav-Lak has not exhausted its administrative remedy because no hearing has been held and no final determination has been rendered.
Initially, this court rejects Pav-Lak’s argument that DOL is barred from taking action against it by the three-year Statute of Limitations set forth in Labor Law § 220-b (2).
Labor Law § 220-b (2), as it existed in 1996, stated in pertinent part, as follows:
“When any interested person shall file a written complaint with the fiscal officer * * * alleging unpaid wages or supplements due for labor performed on a public improvement for which a contract has been entered into, and said labor is alleged to have been performed within the three-year period immediately preceding the date of the filing of said complaint * * * the fiscal officer shall immediately so notify the financial *389 officer of the civil division interested * * * who shall withhold from any payment due the contractor or subcontractor executing any public improvements, sufficient moneys to satisfy said wages and supplements, including interest at the rate provided herein, and any civil penalty that may be assessed as provided herein, pending a final determination * * *
“The fiscal officer shall cause an investigation to be made to determine whether any amounts are due to the laborers, workmen or mechanics, or on their respective behalves, on such public improvement, for labor performed after the commencement of the three-year period immediately preceding the filing of the complaint or the commencement of the investigation on his own initiative, as the case may be, and shall order a hearing thereon at a time and place to be specified and shall give notice thereof * * * Such investigation and hearing shall be expeditiously conducted, and upon such hearing and investigation, the fiscal officer shall determine the issues raised thereon and shall make and file an order in his office stating such determination.”
Pursuant to this statute, the three-year period runs from the time that work is performed until a complaint is filed.
In the instant matter, DOL initiated the investigation based upon a written complaint from an employee that was received on or about July 30, 1996. .DOL’s investigation and audit involved the labor performed during the summer of 1996, well within the statutory three-year period.
This court further finds that the cross-withholding of payments from Pav-Lak on the Port Jefferson project was authorized under Labor Law § 220-b (2) (a) since insufficient funds were available on the Islip project. As a primary contractor, Pav-Lak may be held accountable for its subcontractor’s failure to pay prevailing wages and supplements. (Labor Law § 223.)
This court also agrees with DOL that petitioner has not exhausted its administrative remedy since no hearing has been held and no final determination has been rendered.
The statute requires that funds be withheld “pending a final determination” following an investigation and hearing. (Labor Law § 220-b [2] [a], [c].) Until a hearing has been conducted, the courts may not direct that funds being withheld should be released to the contractor. (Matter of Barsons Constr. Co. v Ross, 85 AD2d 755; Matter of Nalews, Inc. v New York State Envtl. Facilities Corp., 79 AD2d 829, appeal dismissed 53 NY2d *390 940; Matter of Compagni Constr. Co. v Ross, 79 AD2d 831, appeal denied 53 NY2d 604.)
While it may be true that the DOL did not expeditiously conduct a hearing, the only relief for such failure is to direct that a hearing be held (see, Palmer Constr. v Hines, 154 Misc 2d 248).
In sum, the DOL had the authority to cross-withhold monies due Pav-Lak in accordance with Labor Law § 223 and acted within the three-year Statute of Limitations set forth in Labor Law § 220-b (2).
In view of the foregoing, the petition is granted as to the alternate relief. Accordingly, the DOL is directed to expeditiously (within 90 days) conduct a hearing on the issue of whether Pav-Lak is liable for Compliance’s alleged failure to pay prevailing wages on the Islip.project.