■ In the Matter of MARKE LANTRY, Doing Business as THOROUGH JOB ARCHITECTURAL CONSTRUCTION SYSTEMS, Petitioner, v STATE OF NEW YORK et al., Respondents. [785 NYS2d 758]—

Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent Commissioner of Labor which found that petitioner failed to pay prevailing wages and supplements.

In 1997, petitioner entered into a subcontract in connection with a project for the Ichabod Crane Central School District in Columbia County. The subcontract required petitioner to, among other things, install preglazed windows and curtain wall frames. Following a random investigation, respondent Department of Labor determined that petitioner underpaid certain of its employees and issued a notice to withhold payment from petitioner. In particular, the Department concluded that the installation of preglazed windows and the frame of the curtain wall was not the work of glaziers as petitioner claimed, but of ironworkers and that other work compensated at the glazier rate should have been classified as that of masons, laborers or carpenters.

Following a hearing on the matter, a Hearing Officer found

that petitioner's underpayment of his employees was willful and recommended that Ichabod Crane remit payment to the Department and that a civil penalty be imposed. The Hearing Officer rejected petitioner's contention that classifications of the work performed should be based solely on the prevailing practice in a given locality, as determined by surveys demonstrating which trade or occupation performed specific work and the wage paid for that work. Respondent Commissioner of Labor adopted the Hearing Officer's recommendations and emphasized that the tests used by the Department do not "rel[y] upon a survey or comparison of sheer numbers to determine the appropriate classification of work." Petitioner subsequently commenced this CPLR article 78 proceeding challenging the determination.

Petitioner argues that the Department's use of a "nature of the work" test in making classification determinations for purposes of Labor Law § 220 is incorrect. Petitioner further challenges the Department's reliance on collective bargaining agreements in determining the prevailing practice in a locality. Instead, petitioner asserts, such classifications should be based on the prevailing area practice as determined through reliable survey data or other evidence of work actually performed in a locality. Petitioner maintains that uncontroverted evidence demonstrates that the work at issue is performed by glaziers and that the Department's classification of the tasks as ironworkers' work is irrational. We disagree.

Trade classifications "are a matter given to the expertise of the Department and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect 'the nature of the work actually performed' " (*Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, 120 [1990], *affd on op below* 76 NY2d 946 [1990] [citations omitted], quoting *Matter of Kelly v Beame*, 15 NY2d 103, 109 [1965]; *see Matter of Consolidated Masonry Contrs. v Angello*, 2 AD3d 997, 997 [2003]). Indeed, in determining whether workers performing similar labor should be classified as engaging in different trades or occupations within the meaning of Labor Law § 220, the nature of the work performed is "[t]he pivotal question" (*Matter of Kelly v Beame, supra* at 109). Contrary to petitioner's argument, it is well settled that collective bargaining agreements reached by labor organizations "may be used by [the Commissioner] as evidence to support his [or her] decision as to the proper classification," whenever 30% of the workers in a trade in a given locality are subject to the collectively bargained rates (*Matter of Otis E. Serv. v Hudacs*, 185 AD2d 483, 484-485 [1992]; *see Matter of New York Tel. Co. v New York*

*State Dept. of Labor*, 272 AD2d 741, 744 [2000], *lv denied* 95 NY2d 763 [2000]; *Matter of Sierra Telcom Servs. v Hartnett*, 174 AD2d 279, 283-284 [1992], *appeal dismissed* 79 NY2d 1039 [1992], *lv denied* 80 NY2d 756, 757 [1992], *cert denied* 507 US 972 [1993]). As we have previously explained, the 1983 amendments to Labor Law § 220 reflect the Legislature's determination that collectively bargained rates "were invariably equivalent" to prevailing wage rates determined by the Department through extensive surveying (*see Matter of Liquid Asphalt Distribs. Assn. v Roberts*, 116 AD2d 295, 297-298 [1986] [reviewing the legislative history of the 1983 amendments]; *see also* Sponsor's Mem of Assemblyman Frank J. Barbaro, L 1983, ch 447, 1983 NY Legis Ann, at 202).

Moreover, this Court has long rejected the argument advanced by petitioner that Labor Law § 220 requires the Department to perform surveys to determine whether 30% of the workers in the same trade in a given locality are covered by the applicable collective bargaining agreement prior to adopting the wage rate set forth therein as the prevailing rate (*see Matter of Liquid Asphalt Distribs. Assn. v Roberts, supra* at 297-298).* Instead, it is the employer contesting a prevailing wage rate who bears the burden of demonstrating that less than 30% of the workers in a locality are subject to that wage (*see* Labor Law § 220 [5] [a], [c]; [6]; *see also Matter of Joint Indus. Bd. of Elec. Indus. v Schaffer*, 205 AD2d 310, 310 [1994]; *Matter of Liquid Asphalt Distribs. Assn. v Roberts, supra* at 298). To prevail on a challenge to the wage rate set by the Department, petitioner must show "by competent evidence, that the actual percentage of workers . . . [subject to the wage rate set in the ironworkers' agreement] is below the required thirty per centum" (Labor Law § 220 [6]). We conclude that petitioner failed to meet this burden.

Although petitioner presented collective bargaining agreements in which the glaziers' union claimed the work in question, survey data of glazier firms and evidence that some employers on window installation projects in other localities paid glazier wage rates, the evidence does not purport to establish that the actual percentage of relevant workers subject to ei-

---

* We have also rejected, on more than one occasion, petitioner's argument that Labor Law § 220, in permitting the Department to adopt the wage rates set forth in local collective bargaining agreements, is an unconstitutional delegation of legislative power to private parties (*see Matter of Sierra Telcom Servs. v Hartnett, supra* at 285; *Matter of General Elec. Co. v New York State Dept. of Labor, supra* at 121). "[T]he 30% requirement provides an ample safeguard so as to place any delegation well within constitutional parameters" (*Matter of General Elec. Co. v New York State Dept. of Labor, supra* at 121).

ther the ironworkers' or the glaziers' collective bargaining agreement is less than 30%. Consistent with its responsibility of "weigh[ing] the contradictory evidence" and resolving credibility questions (*Matter of Hull-Hazard, Inc. v Roberts*, 129 AD2d 348, 352 [1987], *affd on op below* 72 NY2d 900 [1988]), the Department rejected petitioner's proof and instead relied upon a jurisdictional agreement between the carpenters' and ironworkers' unions granting the ironworkers jurisdiction over the installation of preglazed windows and curtain wall frames, the ironworkers' constitution, which is incorporated by reference in the ironworkers' collective bargaining agreement, and petitioner's own description of the work. Moreover, there was testimony from an officer of a glazier company that the glaziers' union had a minimal local presence at the time the work was performed, the ironworkers' union provided a list of companies that used ironworkers to perform the work at issue, and survey evidence indicated that ironworkers installed preglazed windows. Thus, while there is evidence in the record to support a contrary result, we conclude that substantial evidence supports the Department's decision to adopt the ironworkers' prevailing wage rate (*see Matter of Consolidated Masonry Contrs. v Angello*, 2 AD3d 997, 997 [2003], *supra*; *Matter of New York Tel. Co. v New York State Dept. of Labor*, 272 AD2d 741, 744 [2000], *supra*). In addition, the Department's overruling of its earlier decisions, which it found to be based on an erroneous interpretation of law, was acknowledged and cogently explained. Hence, the instant determination cannot be said to be arbitrary and capricious (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518-520 [1985]; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v Cuevas*, 276 AD2d 184, 187 [2000], *lv denied* 96 NY2d 711 [2001]).

Finally, we reject petitioner's argument that the Department erred in finding that the failure to pay prevailing wages was willful. The finding of willfulness arose from petitioner's payment of all work at the lower glaziers' rate, including tasks such as affixing ceiling tiles and cleaning windows. A review of the record demonstrates that substantial evidence supports the Department's determination that an experienced contractor such as petitioner "knew or should have known" (*Matter of Marangos Constr. Corp. v New York State Dept. of Labor*, 216 AD2d 758, 760 [1995]; *see Matter of D.D.G. Gen. Contr. Corp. v Hartnett*, 149 AD2d 819, 821 [1989]) that this work is usually performed by carpenters and laborers, respectively. Accordingly, we will not disturb that determination here.

We have considered petitioner's remaining arguments and, to

the extent that they are properly before us, conclude that they are without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.