■ In the Matter of BEATRICE R.H., Respondent. DEAN E.H., Appellant; PENNY F.H., Nonparty Respondent. [16 NYS3d 475]—In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Beatrice R.H., an alleged incapacitated person, the petitioner appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 5, 2014, which denied his postjudgment motion to direct depositions of "all parties who have appeared in this proceeding."

Ordered that the order is affirmed, with costs.

In a proceeding such as this, where disclosure is available only by leave of the court, the Supreme Court has broad discre-

tion in granting or denying disclosure (*see* CPLR 408; *Matter of City of Glen Cove Indus. Dev. Agency v Doxey*, 79 AD3d 1038, 1038 [2010]; *Matter of Grossman v McMahon*, 261 AD2d 54, 57 [1999]; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 16 [1999]). Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in denying his postjudgment motion for leave to conduct certain discovery, since the information sought was not material and relevant to the prosecution or defense of this proceeding (*see* CPLR 3101 [a]; *Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *Matter of Rice v Belfiore*, 15 Misc 3d 1105[A], 2007 NY Slip Op 50511[U] [Sup Ct, Westchester County 2007]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.