*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                521317
_____

In the Matter of SUIT-KOTE
    CORPORATION,
                    Appellant,

            v                          MEMORANDUM AND ORDER

PETER M. RIVERA, as New York
    State Commissioner of Labor,
                    Respondent.
_____


Calendar Date:  January 11, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


        Bond Schoeneck & King, PLLC, Syracuse (Brian J. Butler of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Frederick
A. Brodie of counsel), for respondent.


                    _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Ferreira, J.),
entered March 19, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review determinations of respondent establishing
prevailing wage rates.

        In July 2014, respondent published, pursuant to Labor Law
§ 220, the schedules of prevailing wage rates to be paid on
public work projects in certain localities from June 2014 to June
2015.  Petitioner, a highway construction contractor, commenced
this proceeding challenging the wage rates pertaining to heavy
construction and highway construction for three classifications

of workers: operating engineers, laborers and teamsters. Petitioner alleged, among other things, that respondent's determinations regarding the three classifications were arbitrary and affected by error of law in that respondent relied upon single collective bargaining agreements (hereinafter CBAs) from each of the three classifications and failed to inquire whether those CBAs covered 30% of the workers in each classification as required by Labor Law § 220. Further, asserting that it had set forth adequate proof that respondent had failed to meet the 30% threshold, petitioner sought to annul the wage rate schedules and, alternatively, requested leave to conduct disclosure in the event its submissions were insufficient. After respondent answered and oral argument was conducted, Supreme Court denied petitioner's request for disclosure and dismissed the petition in its entirety. Petitioner appeals.

"Labor Law § 220 implements the constitutional mandate that contractors engaged in public projects pay their workers wages and supplements which 'shall be not less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work . . . is performed'" (Matter of Lantry v State of New York, 6 NY3d 49, 54 [2005], quoting Labor Law § 220 [3] [a]; see NY Const, art I, § 17). Determining the prevailing wage rate is a two-step process involving, first, classifying the work to a specific trade or occupation and then, as relevant to this appeal, ascertaining the prevailing wage rate for each trade or occupation within the locality (see Matter of Lantry v State of New York, 6 NY3d at 54; Matter of New York Tel. Co. v New York State Dept. of Labor, 272 AD2d 741, 743-744 [2000], lv denied 95 NY2d 763 [2000]). Under prior law, the extensive surveying of wage rates was unduly time-consuming and the results were "invariably equivalent to collectively bargained rates" (Matter of Liquid Asphalt Distribs. Assn. v Roberts, 116 AD2d 295, 297 [1986]). Accordingly, in 1983, "the Legislature dispensed with respondent's duty to survey and instead provided for the adoption of collectively bargained wage rates" (id. at 298; see Matter of Lantry v State of New York, 12 AD3d 864, 866 [2004], affd 6 NY3d 49 [2005]). Respondent may thus establish rates based upon CBAs where 30% of the workers in a trade in the locality are subject to CBAs (see Labor Law § 220 [5]; Matter of New York Tel. Co. v New York State

Dept. of Labor, 272 AD2d at 744; Matter of Liquid Asphalt Distribs. Assn. v Roberts, 116 AD2d at 297-298), and Labor Law § 220 (6) places the burden upon an employer who contests a prevailing wage determination "to show that, in fact, less than 30% of the workers in a given locality are subject to the wage rate adopted" (Matter of Liquid Asphalt Distribs. Assn. v Roberts, 116 AD2d at 298; see Matter of Lantry v State of New York, 12 AD3d at 866; Matter of New York Tel. Co. v New York State Dept. of Labor, 272 AD2d at 744).

Petitioner alleges that respondent accepted without inquiry the data provided in the CBAs and presumed that the agreements satisfied the 30% threshold. Petitioner argues that this procedure violated Labor Law § 220 (5) and that such statutory subdivision imposes an antecedent obligation that respondent must establish before the burden is placed on petitioner by Labor Law § 220 (6). We are unpersuaded. The statutory scheme was amended to reduce respondent's administrative and fiscal burden to conduct extensive surveys, which had not produced results markedly different than the CBAs, and to authorize a determination based on the CBAs. The CBAs, of course, must be between bona fide labor organizations and private sector employers who employ at least 30% of the relevant workers (see Labor Law § 220 [5]). An employer can certainly challenge that determination upon any number of grounds, including that the CBAs were not made with a bona fide labor organization, that incorrect data was used from the CBAs or that the 30% threshold was not met. However, reading together subdivisions 5 and 6 of Labor Law § 220, as well as considering the pertinent precedent, does not support shifting the initial burden to respondent. We have held that "the 1983 amendments place the burden on employers who contest prevailing wage rates" (Matter of Liquid Asphalt Distribs. Assn. v Roberts, 116 AD2d at 298; see Matter of Lantry v State of New York, 12 AD3d at 866), and we discern no reason to depart from that holding. With regard to petitioner's constitutional argument, we previously have rejected constitutional challenges to the relevant provisions of the statute (see Matter of Sierra Telcom Servs. v Hartnett, 174 AD2d 279, 285 [1992], appeal dismissed 79 NY2d 1039 [1992], lv denied 80 NY2d 757 [1992], cert denied 507 US 972 [1993]; see also Matter of Lantry v State of New York, 12 AD3d at 866 n; Matter of

General Elec. Co. v New York State Dept. of Labor, 154 AD2d 117, 121 [1990], affd 76 NY2d 946 [1990]).

Next, we consider petitioner's challenge to the method used by respondent in his determination, which will be upheld unless it is arbitrary and capricious or irrational (see Matter of Lantry v State of New York, 6 NY3d at 52; Matter of New York Tel. Co. v New State Dept. of Labor, 272 AD2d at 744). Respondent relied upon three CBAs: the first between locals 186, 322, 633 and 785 of the Laborers' International Union of North America and Associated General Contractors of New York State, LLC, Central New York region, pertaining to laborers; the second between local 158 of the International Union of Operating Engineers and Associated General Contractors of New York, LLC, Albany, Rochester and Central New York regions pertaining to operating engineers; and the third between the International Brotherhood of Teamsters, Local 317, and Economy Paving Company pertaining to teamsters. As discussed at length by Supreme Court, the record contains ample support for respondent's determination of the prevailing wage rates based upon these documents. For example, the laborers' and engineers' CBAs were signed by Associated General Contractors on behalf of its members, which included some 199 contractors as to laborers and 166 contractors as to operating engineers. The employer who signed the teamsters' CBA had a substantial number of employees and, moreover, there was proof that the union would negotiate a master CBA that was used by additional employers, but not all such CBAs were provided to respondent because there was no need for repetitive CBAs with the same essential provisions. While there were some gaps in the information available to respondent, the infirmities did not fatally infect respondent's analysis to the point of being irrational, arbitrary or capricious (see Matter of New York Tel. Co. v New York State Dept. of Labor, 272 AD2d at 744).

Petitioner did not establish under the standard set by Labor Law § 220 (6) that respondent used the CBAs covering less than 30% of the relevant workers. To remedy this failure of proof, petitioner argues that its alternative request for disclosure pursuant to CPLR 408 should have been granted. "Consistent with the summary nature of a special proceeding, CPLR 408 generally disallows pretrial disclosure without leave of

court" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 408, at 405; see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 131 AD3d 1059, 1059-1060 [2015], lv dismissed 26 NY3d 1077 [2015]). Supreme Court has broad discretion when considering a request for disclosure under CPLR 408 (see Matter of Held v State of N.Y. Workers' Compensation Bd., 103 AD3d 1063, 1064 [2013]; Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381, 1385 [2012], affd sub nom. James Sq. Assoc. LP v Mullen, 21 NY3d 233 [2013]). Among the factors weighed are whether the party seeking disclosure has established that the requested information is material and necessary (see Matter of Town of Wallkill v New York State Bd. of Real Prop. Servs., 274 AD2d 856, 859 [2000], lv denied 95 NY2d 770 [2000]), whether the request is carefully tailored to obtain the necessary information (see Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99, 106 [2015]) and whether undue delay will result from the request (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857 [2015]). Here, petitioner sought, among other things, extensive disclosure from numerous nonparties, some of which were not even identified. In light of the exceedingly broad and undefined nature of the information sought, together with the almost certain unduly protracted delay that would result, we cannot say that Supreme Court abused its discretion in denying CPLR 408 disclosure under the circumstances. The remaining issues have been considered and are unavailing.

McCarthy, J.P., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court