■ In the Matter of NEW YORK INDEPENDENT CONTRACTORS ALLIANCE et al., Respondents, v JOHN C. LIU, JR., Appellant, et al., Respondents. [41 NYS3d 227]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered January 6, 2015, which granted the three petitions brought pursuant to CPLR article 78 seeking an order annulling respondent Comptroller's determinations establishing the trade classification and corresponding prevailing wage schedules for pavers and roadbuilders-laborers employed in public works projects in New York City during fiscal years 2010, 2011, and 2013, to the extent of annulling the trade classifications and prevailing wage schedules, and remanding the proceeding to the Comptroller to formulate a new trade classification and prevailing wage schedule in accordance with Labor Law § 220 (5), unanimously reversed, on the law, without costs, the trade classification and corresponding prevailing wage schedules reinstated, the petitions denied, and the proceedings dismissed.

The Comptroller's determination to combine the formerly separate trade classifications into a single trade was rational and not arbitrary or capricious (*see* CPLR 7803 [3]; *Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50 [1974]). Formerly, in classifying asphalt and concrete pavers as distinct trades, the Comptroller had historically relied on not only the nature of the work—differing materials and techniques—but also the collective bargaining agreements (CBAs) entered into by the two unions which represented most, if not all, unionized asphalt and concrete pavers in New York. Those two unions merged and entered into a single CBA covering all pavers, albeit substantially retaining the historical job titles covering concrete pavers and production asphalt pavers. Given this change in the landscape for unionized workers in those fields, it was reasonable for the Comptroller to reconsider the trade classification framework for those workers (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519 [1985]).

Having so reconsidered the trade classifications, the Comptroller rationally decided to join the two formerly separate trades of asphalt and concrete pavers into the single trade classification of Paver and Roadbuilder, with two subclassifications reflecting historically distinct divisions of duties and job titles. The Comptroller's determination was rationally guided by the unitary CBA of the single union which now represents the overwhelming majority of workers in those fields, as well as the logically conjoined nature of road work, albeit with job titles differentiated by task and material (*see Matter of Lantry v State of New York*, 6 NY3d 49, 55-56 [2005]; *Matter of General*

*Elec. Co. v New York State Dept. of Labor*, 76 NY2d 946 [1990], *affg for reasons stated at* 154 AD2d 117, 120 [3d Dept 1990]).

The Comptroller rationally concluded here, based on review of CBAs in place for workers in the relevant fields, and the fact that Local 1010's CBA set wage rates for the overwhelming majority of unionized workers in the combined paver and roadbuilder trade, that that CBA covered the requisite 30% of workers in that trade (*see Matter of Suit-Kote Corp. v Rivera*, 137 AD3d 1361, 1364-1365 [3d Dept 2016], *appeal dismissed, lv denied* 27 NY3d 1054 [2016]). Petitioners failed to meet their burden of rebutting the statutory presumption that the 30% threshold is met "until final determination" to the contrary (Labor Law § 220 [6]; *see Suit-Kote*, 137 AD3d at 1364-1365; *Matter of Liquid Asphalt Distribs. Assn. v Roberts*, 116 AD2d 295, 298 [3d Dept 1986]). Petitioner's contention that the Comptroller must numerically establish that the 30% threshold had been met through, in effect, a census of all workers employed in the trade in New York City, unionized and nonunionized, would contravene the purpose of the 1983 overhaul of Labor Law § 220, which was to free fiscal officers from the heavy administrative burden of performing industry surveys of actual wages received by trade workers, and substitute for such surveys the more expedient proxy of reliance on CBAs (*see Lantry*, 6 NY3d at 54-55; *Suit-Kote*, 137 AD3d at 1364-1365). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.