Matter of Cyrus v O'Neill (2020 NY Slip Op 03472)





Matter of Cyrus v O'Neill


2020 NY Slip Op 03472


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11677 152564/17

[*1] In re Ian Cyrus, Petitioner,
v
James P. O'Neill, etc., et al., Respondents.


Brill Legal Group, P.C., Hempstead (Peter E. Brill of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Aaron Bloom of counsel), for respondents.



Determination of respondents, dated November 16, 2016, which, following a hearing, dismissed petitioner from his employment with the New York City Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Nancy M. Bannon, J.], entered November 1, 2017), unanimously dismissed, without costs.
Respondent's determination that petitioner was guilty of misconduct is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). In addition to video evidence of the incident, petitioner's own testimony established that he took money and pocketed it during the course of a police operation, and did not give the money to the arresting officer at the scene. The arresting officer testified that petitioner never subsequently gave the money in question to him. Respondents rationally concluded that petitioner's actions as depicted on video, including turning away from the other officers while he pocketed the money, were inconsistent with an attempt merely to safeguard the money. Respondents also rationally concluded that petitioner's other explanations for his actions were not credible. We find petitioner's claim of agency bias unavailing in the absence of any proof that the outcome of the proceeding flowed from the alleged bias (see Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197 [1981], cert denied 454 US 1125 [1981]).
The dismissal of petitioner from his employment with the Police Department does not shock the judicial conscience (see generally Matter of Kelly v Safir, 96 NY2d 32, 38, 39-40 [2001]). Respondent found that petitioner wrongfully took money during the course of a police operation, concealed his actions from his fellow officers, and then twice made false statements in the course of an investigation into the incident (see Matter of Alfieri v Murphy, 38 NY2d 976, 977 [1976]; see also Matter of
Martinez v Kelly, 24 AD3d 186, 186 [1st Dept 2005]).
We have considered petitioner's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK