Matter of Ashanti v New York City Conflicts of Interest Bd. (2021 NY Slip Op 06069)





Matter of Ashanti v New York City Conflicts of Interest Bd.


2021 NY Slip Op 06069


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 100092/20 Appeal No. 14574 Case No. 2021-00685 

[*1]In the Matter of Karl J. Ashanti, Petitioner,
v
The New York City Conflicts of Interest Board, Respondent.


Karl J. Ashanti, petitioner pro se.
Georgia M. Pestana, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.



Determination of respondent, dated September 19, 2019, finding, after a hearing, that petitioner violated New York City Charter §§ 2604(b)(3), (b)(7) and (b)(2) and 53 RCNY 1-13(b), and ordering him to pay an aggregate civil penalty of $8,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol R. Edmead, J.], entered September 8, 2020), dismissed, without costs.
The determination that petitioner violated the above-cited Charter provision and City rule is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). Initially, there is no basis for disturbing the Administrative Law Judge's credibility determinations. Contrary to petitioner's contention, the evidence presented at the hearing raised a reasonable inference that he disclosed his position with an agency of the City of New York in order to obtain a personal advantage in negotiations on behalf of his wife. The penalty imposed for each of the three sustained charges does not shock the conscience (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233, 240 [1974]), especially in light of the evidence that petitioner, an attorney held to a higher ethical standard, had been warned about the conflict of interest but continued to pursue his wife's case against a subsidiary of another City agency and that petitioner used City letterhead to advance a legal position contrary to the City's interests.
We reject petitioner's due process claim. Petitioner had an opportunity to be heard at a meaningful time and in a meaningful manner (see generally Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 469 [2014]). We also reject petitioner's claim of agency bias, particularly in the absence of any evidence that the outcome of the proceeding flowed from the alleged bias (see Matter of Cyrus v O'Neill, 184 AD3d 499, 500 [1st Dept 2020]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021