Matter of Severini v New York City Dept. of Envtl. Protection (2025 NY Slip Op 05051)

Matter of Severini v New York City Dept. of Envtl. Protection

2025 NY Slip Op 05051

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 158496/23|Appeal No. 4706|Case No. 2024-02656|

[*1]In the Matter of Hunter Severini, Petitioner,
v
New York City Department of Environmental Protection et al., Respondents.

Law Firm of Gil V. Perez, New York (Gil V. Perez of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York (ChloÉ K. Moon of counsel), for respondents.

Determination of the Office of Administrative Trials and Hearings (OATH), dated April 27, 2023, which, after a hearing, affirmed a violation of Administrative Code of the City of New York § 24-112 (a) and imposed a civil penalty of $400, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Arlene P. Bluth, J.], entered on or about April 13, 2024), dismissed, without costs.
Supreme Court properly transferred the case under CPLR 7804(g) because petitioner raised an issue of substantial evidence by challenging factual findings made by the Hearing Officer (see Matter of McLaughlin v New York City Hous. Auth., 171 AD3d 518, 519 [1st Dept 2019]).
OATH's determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). The record shows that petitioner received a disqualification letter because his video and photographic evidence did not support his allegation that the subject vehicle was idling. Following his receipt of the letter, petitioner submitted three more complaints, each with nearly identical allegations, photographs, and videos, changing only the address of where the violation occurred and one letter in the vehicle's license plate. It is reasonable to infer that petitioner was attempting to mislead respondent New York City Department of Environmental Protection and circumvent his previous disqualifications. This deception established a violation under Administrative Code §24-112(a), which prohibits persons from "knowingly mak[ing] a false or misleading statement" to the department.
Petitioner's claim of agency bias is "unavailing in the absence of any proof that the outcome of the proceeding flowed from the alleged bias" (Matter of Cyrus v O'Neill, 184 AD3d 499, 500 [1st Dept 2020]).
A remand to the agency, which typically occurs "where the agency has made the type of substantial error that constitutes an irregularity in vital matters" (Matter of Peckham v Calogero, 54 AD3d 27, 28 [1st Dept 2008], affd 12 NY3d 424 [2009] [internal quotation marks omitted]), would not have been appropriate in this case. Contrary to petitioner's assertion, the reviewer who issued the disqualification letter for petitioner's first complaint did not need to testify at the hearing. The reviewer who testified at the hearing issued the disqualification letters for petitioner's second, third, and fourth complaints. Petitioner's violation of Administrative Code § 24-112 (a) stemmed from repeatedly submitting the same evidence in support of those three complaints.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025